## JOHN HOSMER & another *vs.* RALPH WARNER.

The summoning of thirteen persons to attend as jurors before a sheriff to assess damages under the mill act, if twelve only are empanelled, does not avoid the proceedings, although objected to before the empanelling of the jury.

At the trial of a complaint under the mill act, evidence of the condition and value of the flowed land, during the six years next before the erection of the dam, and of the fact that cranberries grew upon the land during that time, and of their quantity and value, is admissible to show what damage has been sustained by reason of the dam, although the dam has been built for more than twenty years.

At the trial of a complaint under the mill act, the opinions of witnesses, acquainted with the value of land in the vicinity and with the effect of water upon land, are competent evidence of the damage done to the land by the water.

The complainant in a complaint for flowing land is a competent witness in his own behalf under the *St.* of 1857, *c.* 305.

At the trial of a complaint for flowing land, after the respondent has proved, without objection, the sum paid by the person who built the dam and owned it for twenty years for the damage occasioned by the water, the complainant may prove what sum the grantee of that owner and grantor of the respondent paid during one year in which he owned the dam.

COMPLAINT under the Rev. Sts. *c.* 116, for maintaining a water mill and dam across Wright's Brook in Concord, and thereby flowing land of the complainants; upon which a warrant was issued for a sheriff's jury to assess damages. See 7 Gray, 186.

Before the empanelling of the jury, the respondent objected that thirteen jurors had been summoned instead of twelve. But the sheriff overruled the objection, and empanelled the twelve then present, the remaining one not appearing until afterwards.

It appeared that the dam had been built in 1827, and that the land had been flowed ever since. One of the complainants, being allowed, against the respondent's objection, to be a witness, testified that he had always been a farmer, that he had largely bought and sold real estate, and had attended sales by auction of meadow-lands and of the grass standing thereon, and knew the value of the products of meadow-lands and of meadows, and knew the meadow that was overflowed, and had known it many years before the erection of the dam. He was then asked, " What was the value and condition of the land claimed to be injured in 1816 ? " The respondent objected that this inquiry concerned a period too remote; and the sheriff

ruled that the witness might state the value and condition of the land within a reasonable time before the erection of the dam, but that more than six years would not be reasonable, and the evidence must therefore be confined within that time. To this period also the respondent objected.

The complainant was then asked if cranberries grew on this land within six years prior to the construction of the dam, and if so, what was the quantity and value of the same. The respondent objected to the introduction of any evidence as to cranberries; but the objection was overruled, and several witnesses were allowed to testify to the fact that cranberries formerly grew upon this meadow, and to their value, and to the value of cranberries at the present time.

A witness who stated that he had been a farmer for a number of years, and had owned real estate and meadow-land in Concord, and had bought and sold standing wood, and knew the effect of water upon meadows and woodland, but had never known the land in question until the day before, when, at the complainants' request, he went and viewed it, was allowed, against the respondent's objection, to testify to the damage annually caused by the water to the wood growing upon the premises.

It appeared that the respondent purchased the mill from one Howe in 1855, and that Howe purchased it in 1854 from one Loring, who had built the dam and owned it up to that time. The respondent called Loring to prove that, for more than twenty years, he had paid for flowing the premises a sum of money which had been ascertained and determined by a parol arbitration at the time of the erection of the dam. To rebut this, one of the complainants was allowed, against the respondent's objection, to testify what sum Howe had paid to him during the year in which he owned the mill.

The jury returned a verdict for the complainants, which was accepted by the court of common pleas; and the respondent appealed to this court.

*W. P. Webster,* for the respondent.

*G. M. Brooks,* for the complainants.

BIGELOW, J.   1.  The objection that the sheriff was not authorized to summon more than twelve persons to attend for the purpose of being sworn as jurors, was overruled in *Fitchburg Railroad* v. *Boston & Maine Railroad,* 3 Cush. 85.

2.  In *Palmer* v. *Ferrill,* 17 Pick. 66, it was settled that a land-owner whose land is flowed by the erection of a dam is entitled to recover, by way of damage, the same amount as he would have derived from the use and improvement of the premises, taken in their ordinary condition, as they would have been if no dam had been erected.   It follows that, in order to prove the nature and extent of the damage, it is competent to show the state of the land, the character of the soil, and the nature and value of the products prior to the erection of the dam.   In no other way could the proper elements, by which the injury was to be estimated and the damages assessed, be laid before the jury.   It seems to us that the evidence on this point was kept within very reasonable limits at the trial.   If the evidence had been limited to a period less than six years before the erection of the dam, it would have been difficult for the jury to ascertain the original value of the land and the average amount of its yearly products.   The present value of those products was competent evidence to be submitted to the jury, in order to aid them in the assessment of damages.

3.  The opinions of witnesses as to the extent of the damage done to the land by the overflow of the water was clearly competent.   *Vandine* v. *Burpee,* 13 Met. 288.   *Shaw* v. *Charlestown,* 2 Gray, 107.

4.  A complaint for flowing land being a " civil action or proceeding," the complainant was a competent witness, within the express language of the *St.* of 1857, *c.* 305.

5.  The evidence of the sum paid by a former owner of the dam for annual damages was admissible in the exercise of a sound discretion by the sheriff, in reply to similar testimony offered by the respondent.                    *Verdict accepted.*