STANTON ADKINS, Appellant, v. W. F. SMITH, Auditor, *et al.*

HIGHWAY DAMAGES HELD INADEQUATE.

*Appeal from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, OCTOBER 21, 1895.

Appeal from an assessment of damages.—*Reversed.*

*Wesley Martin* for appellant.

No appearance for appellee.

Kinne, J.—I. Plaintiff is the owner of section 21 and the west one-half of section 22, township 89, range 24 W. of the fifth P. M. in Hamilton county, Iowa. The county auditor, and the persons petitioning for the location of the highway hereafter described, are made defendants. The action is an appeal from an assessment of damages by a jury in the district court in favor of plaintiff. The jury awarded plaintiff the sum of two hundred dollars. The highway, as located by the board of supervisors, begins at the southeast corner of section 21, in the township and range aforesaid, and runs thence north on the section lines for two miles. This road would divide plaintiff's farm, leaving a section west of the road and a half section east of it. This road would take, as is conceded, eight acres of plaintiff's land. Situated on the land so taken were one hundred and ninety-seven trees, being maples, box elders, and walnut trees. The maple trees are from four to six inches in diameter; the walnuts, smaller. There are hog pastures fenced off and used where the road is located. The buildings are all on section 21, and section 22 is mostly used for pasture. The opening of this highway would require the erection of a mile of fence, which would cost one hundred and fifty dollars. Half of the present fence would have to be moved. Every witness, except one, who testified on the trial below placed the value of the land at thirty-five dollars per acre, prior to the location of the highway. One witness put it at from thirty-three dollars to thirty-five dollars. The estimate of difference in the value of the land before and after the taking of this eight acres of ground varied greatly. Every witness on the part of plaintiff, save one, placed the difference at from one thousand five hundred dollars to two thousand dollars; the one put it at four hundred dollars. Three of defendants' witnesses testified there would be no difference in value, but two of them showed by their answers that they took benefits into consideration. Two other witnesses on part of defendants say the difference in value would be the value of the eight acres taken; one says the difference is two hundred and forty dollars; one says that one hundred dollars, added to the value of the eight acres taken, would be the difference in value of the farm; and another fixes the difference in value at the value of the land taken and cost of fencing. Now it is insisted, in view of the evidence and facts disclosed upon the trial, that the verdict (two hundred dollars) is not supported by the evidence. We think this verdict cannot be sustained. Here we have a case where the testimony overwhelmingly shows that eight acres of land, worth at least two hundred and eighty dollars, is taken by the highway. It is not disputed that a new fence must be built, which the evidence shows without conflict will cost one hundred and fifty dollars. One-half mile of fence must be moved. At what cost does not appear. Almost two hundred trees will be destroyed, which are valued from nothing up to seventy-five cents a tree. Hog-pasture fences must be changed. Stock must be driven

across a highway for all time, increasing, as the evidence shows without conflict, the cost of operating the farm. It is impossible to understand by what process the jury could arrive at the conclusion that the difference in value to the farm, before and after the taking of this eight acres of land, was less than the value of the land actually taken, to say nothing about all the other undisputed items of damage which were established, and which conclusively show that the verdict was, from any fair view of the evidence, unwarranted. A question is raised as to a ruling in refusing to strike out certain evidence, because it appeared that the opinion of the witness was based in part upon a consideration of benefits which would accrue to the farm by reason of the location of the road. Owing to the statements of the trial court in the presence of the jury it may be doubted if the ruling can be said to have worked any prejudice to plaintiff.—*Reversed.*