## IN RE THE CONDEMNATION OF CERTAIN LAND FOR A NEW STATE HOUSE.

Where land is condemned under the provisions of Pub. Laws R. I. cap. 285, of March 30, 1882, authorizing towns to condemn land for a water supply, the date of the adjudication by the court that the taking of the land is a public necessity is fixed by § 4 of the act as the date of condemnation, and the value of the land taken should be appraised as of that date.

A site for a new state house having been decided on and a portion of the land purchased by the State, the owner of land adjacent to that purchased, upon the taking of the same subsequently under condemnation proceedings, is entitled to the enhanced value which had accrued to his land at the date of the condemnation thereof by reason of the fact that the location of the new state house had been decided on.

In estimating the value of a lot of land fronting on a street where both the lot and the street are condemned, one-half of the width of the street in front of the lot should not be added to the area of the lot, for the reason that the use of the street had increased the market value of the lot, and in awarding the value of the lot as a lot abutting on a street, the value of the land in the street is also awarded.

The report of Commissioners of Appraisal in condemnation proceedings under Pub. Laws, cap 285, need not be quashed because of an error made by the commissioners in appraising the value of land taken, where the error can be corrected by a recommitment of the report to the commissioners for correction.

PETITION of the Board of State House Commissioners for a new trial of a motion to quash proceedings for the condemnation of certain land under the provisions of Pub. Laws R. I. cap. 285, of March 30, 1882, and cap. 1201, of May 24, 1893.

*January* 8, 1896.    MATTESON, C. J.    Pub. Laws R. I. cap. 1201, of May 24, 1893, created a Board of State House Commissioners to select and acquire a site for a new state house, either under the provisions of Pub. Laws R. I. cap. 913, of

May 30, 1890, or by purchase or by condemnation, and to locate thereon a new state house. The chapter directed that the site should be acquired in the name of the State, and, for the purpose of acquiring land by condemnation for the site, gave to the board the powers of condemnation conferred on towns for the purpose of taking land and property for a water supply by Pub. Laws R. I. cap. 285, of March 30, 1882, and provided that in case the board should so take any land, it should proceed in all matters in relation to such land as directed in Pub. Laws R. I. cap. 285. The board so created, on May 26, 1894, in accordance with Pub. Laws R. I. cap. 285, § 4, filed in the clerk's office of the Common Pleas Division a certificate that it had taken all that land bounded by Smith, Gaspee and Francis streets in Providence, which had not been purchased already by the State, including that part of Brownell street lying between Francis and Smith streets. Accompanying this certificate was a plat on which was delineated a location and description of the land taken, and which contained also a list of owners and persons interested in the land. Thereupon the clerk of the Common Pleas Division gave the notices prescribed by Pub. Laws R. I. cap. 285, § 4, to the owners and persons interested in the land, to appear and be heard in reference to the necessity for the taking and the appointment of commissioners to appraise the damages accruing to them by means of the taking of their property, estates or rights of property. On July 9, 1894, the Common Pleas Division, in pursuance of the notices so given, after hearing the parties in interest, adjudged the taking to be a public necessity and appointed three commissioners to appraise the damages sustained by the persons whose property, estates or rights of property had been taken. The commissioners so appointed heard the parties interested and the evidence adduced, made their awards for the damages sustained, and filed their report in the Common Pleas Division, which was opened March 1, 1895. On November 25, 1895, the Board of State House Commissioners filed their motion to set aside the awards and quash the proceedings,—

"(a) Because the Commissioners, in making the awards, allowed the owners of the lands condemned an increased value to their lands created by the location of said state house, said location being the purpose for which said lands were condemned.

"(b) Because the Commissioners have allowed said owners for the streets in front of their lots, as if said streets were a part of said lots and held by the same title as said lots."

This motion was heard and denied by the Common Pleas Division. Thereupon the Board of State House Commissioners excepted to the ruling denying the motion and filed their petition for a new trial of the motion, which is now before us for consideration.

The Board of State House Commissioners base their first objection on the following passages from the report of the Commissioners of Appraisal :

" We have taken fully into account, in our award, such enhancement of value as in our judgment properly attached to the property condemned at the time of condemnation by reason of any and all improvements decided on previous to the 9th day of July, 1894.

" We have earnestly endeavored to so make our award that all persons whose lands have been taken shall be no worse off than their neighbors whose lands have not been taken.

" Our award in each and every case is made as of July 9, A. D. 1894."

The Board of State House Commissioners urge that it thus appears on the face of the report :

(a)    That in the judgment of the Commissioners of Appraisal the land taken was enhanced in value by the improvement decided on.

(b)    That they have appraised the value as of July 9, 1894.

(c)    That, as the Board of State House Commissioners had authority to condemn land for a state house only, and instituted proceedings for such condemnation by filing their certificate on May 26, 1894, and thereby publicly announced the location of the proposed State House, the report shows that the commissioners added to the value of the land the enhance-

ment which had accrued to it between May 26th and July 9th ; and

(d)   Thus condemned the State to pay the land value plus the enhancement.   They contend that the rule of appraisal is that the owner is not entitled to the increased value of the land occasioned by the proposed improvement, and hence that the appraisal should have been for the value at the time of the taking, which they insist was the date of the filing of the certificate, to wit, May 26th, and consequently that the appraisal as of July 9th was illegal and the awards are void.

We do not think that the objection can avail.   Pub. Laws R. I. cap. 285, § 5, enacts that at the time mentioned in the notices given by the clerk of the court, in accordance with the requirement of the preceding section of the chapter, or at such adjournment from time to time as it shall order, the court shall, after hearing the parties, adjudge whether the taking of the property is a public necessity ;  and if that be adjudged affirmatively, the property shall *from that time*, *i. e.*, the time of the adjudication, be deemed to have been taken.   The statute thus fixes the date of the adjudication, not the date of the filing of the certificate, as the time of taking.   In view of this statutory determination of the time, the commissioners could not do otherwise than to regard the land as taken on July 9, 1894, the date when the court adjudged the taking to be a public necessity, and to appraise the value of it as of that date.

But whether the award had been made as of July 9, 1894, or as of May 26, 1894, when the certificate of taking was filed, seems to us, so far as the objection is concerned, immaterial.   The objection proceeds on the theory that the enhancement in value between the dates named was due to the fact of the public announcement, by the filing of the certificate, that the lands proposed to be taken had been chosen as a site for the proposed state house.   It appears, however, by reference to the certificate and plat accompanying it, that the State had acquired by purchase, prior to the filing of the certificate, a tract containing 454,838 square feet adjacent to the land condemned, as a site for the proposed state house.

The fact of the location of the new state house had thus become publicly known, by the purchase by the State of this tract, prior to the filing of the certificate by the State House Commissioners, and the consequent enhancement in value due to the proposed improvement had already accrued to the adjacent land before the certificate was filed. The case is strictly analogous to *Stafford* v. *City of Providence*, 10 R. I. 567, in which the Water Commissioners of the city of Providence took certain land for the purpose of a reservoir. The land taken did not include that of the petitioners. Subsequently, after the improvement had been located and actually constructed, or nearly so, the Water Commissioners took the land of the petitioners. The court held that the value of the petitioners' land was to be estimated as it was at the time it was condemned, and not at the time of the location of the improvement, thus giving to the petitioners such increase in value as had accrued to their land by reason of the original location of the reservoir before their land was taken.

The second ground on which the motion to quash is based is that, in making their award to the owners of the lots abutting on the streets condemned, the Commissioners of Appraisal added to the area of the lots one-half the width of the streets in front of such lots. We think the commissioners erred in so doing. The market value of the lots abutting on a street is increased by reason of the rights of the owner to the use of the street in connection with the lots. Hence, when the commissioners have awarded the full market value of the lot as a lot abutting on a street, they have awarded also the value of the land in the street, because the street has helped to make up the market value of the lot. ، *Anthony* v. *City of Providence*, 18 R. I. 699. This, however, is not such an error as makes it necessary to quash the report, since it can be corrected by recommitting the report to the commissioners with instruction to deduct from the awards the amounts allowed for lands embraced within the streets.

Petition for a new trial of the motion to quash denied, and cause remitted to the Common Pleas Division with direction

to recommit the report to the commissioners for correction as stated.

*Edward C. Dubois*, Attorney General, *& Arnold Greene*, for Board of State House Commissioners.

*James Tillinghast, James M. Ripley, Warren R. Perce, Amasa M. Eaton, Richard B. Comstock & Rathbone Gardner*, for different persons interested, contra.