ANN J. SNOUFFER V. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY AND THE BURLINGTON, CEDAR RAPIDS & NORTHERN RAILWAY COMPANY, Appellants.

**Damages:** EMINENT DOMAIN. The increased value of a lot at the time it was taken for depot purposes in condemnation proceedings, by reason of the anticipated construction of a depot in the locality, may be considered in determining the amount of the award of damages to the owner.

**Same:** *Instructions Construed.* An instruction directing the jury, in assessing damages for the taking of land by a railroad, *not* to consider or *deduct* benefits derived on account of any enhance l value that has accrued to the owner by reason of any contemplated building of a depot thereon, cannot be construed as directing the jury to *add* such future accessions of value, where they are also instructed not to base their verdict on speculative values.

**Cross-examination:** VALUES. In proceedings to condemn land for railroad purposes, a witness who testifies to its value may be asked on cross-examination the value of other lots in the neighborhood and as to the price paid in one instance, to show his knowledge of values.

**Appeal:** OFFERED INSTRUCTIONS. Requested instructions are properly refused where the subject matter thereof is contained in the charge as given.

*Appeal from Linn District Court.*—HON. WILLIAM G.
THOMPSON, Judge.

MONDAY, MAY 23, 1898.

PLAINTIFF is the owner of a lot in the city of Cedar
Rapids which the two railway companies that are
defendants herein have taken, through condemnation
proceedings, for depot purposes. The defendants appeal
from the award made by the sheriff's jury.—*Affirmed.*

*S. K. Tracy, J. C. Leonard* and *Hubbard & Dawley*
for appellants.

*Rickel & Crocker* and *Jamison & Smyth* for appellee.

WATERMAN, J.—It is urged that the court erred
in not sustaining defendants' motion to strike from the
record the testimony of one Bealer with relation to the
amount other lots in the vicinity had sold for.
The facts are that Bealer was a witness intro-
duced by defendants. After giving his opinion
as to the value of plaintiff's lot, he was cross-examined
as to the basis of this opinion,—his knowledge of
values in the locality. It was upon this cross-examina-
tion he stated that he knew of sales of other lots,
and gave the price paid in one instance. The testimony
was admissible for the purpose for which it was offered.
*Winklemans v. Railway Co.*, 62 Iowa, 11; *Cummins v.
Same*, 63 Iowa, 397. If this evidence had been offered
as tending to show the value of plaintiff's lot, it would
probably have been inadmissible, but this was not the
case. The fact was elicited in an effort to ascertain
the witness' knowledge of values. This distinction is
clearly made in the last of the cases cited.

II.    The other errors assigned are of such a char-
acter that they can best be considered together. Plain-
tiff's lot was taken by defendants April 25, 1896, and

both the instructions asked by appellants and those given by the court embodied the thought that the amount to be fixed by the jury was the fair market value of the property on this date. This we regard as the correct rule. But it is claimed by appellants that the court erred in permitting witnesses who testified as to the value of the lot on that day to take into consideration the prospective location of the depot. And it is said the instructions given by the court are framed on the idea that this fact might be considered. We see no just ground for the complaint as to either of these matter. Many of the considerations that tend to affect the value of town property are prospective only. Select a lot in any city, find a witness competent to express an opinion as to its value, and ask him with relation thereto, and as to the basis of his judgment, and it will be found that the facts upon which his conclusions rest are anticipatory, largely. The business district is growing or extending towards it. It is particularly suitable for manufacturing purposes, or it is in a section that is rapidly improving. These are proper matters to consider, and they all relate, in most part, to future prospects. It was right for the jury to consider every fact that tended to give value to this property on the day it was taken. And, if the fact that a depot was likely to be erected in its vicinity had given it an added worth at that time, it was proper to consider this fact, even though the depot was to be erected by the railway companies that sought to take the property. If this were an action for damages, brought by a person to whom the owner had contracted to sell this lot, we think no one would contend that the prospective location of the depot should be excluded from consideration in fixing the value of the property. The measure of its value on the date mentioned should be the same for all. See, *Sanitary Dist. v. Loughran*

160 Ill. 362 (43 N. E. Rep. 359). Our attention has been called to cases holding that the possible increase of value after the taking, because of the improvement, cannot be considered in fixing the value, and also to the rule that the general value of the property is the criterion, and not its value to the railway company for the special purpose designed. But we have seen no authority that contravenes the principle we have stated.

III. In the light of what has been said, we shall consider the objections made to the charge of the court. The second instruction was as follows: "You are instructed that the material question for you to determine is, what was the fair market value of lot 4 in block 26 in the city of Cedar Rapids, Linn county, Iowa, when it was taken by defendants, to wit, April 25, 1896? [and, in estimating said value from all the evidence introduced on that question, you will not consider or deduct any benefit, if any you find plaintiff has derived, on account of any enhanced value that has accrued to plaintiff by reason of any contemplated building of the said depot.] Nor will you consider any enhancement in value of the said lot by reason of any building or improvement defendants may have subsequently erected on the lot; and consider only the fair market value of said lot when taken by defendants, as established to your satisfaction by the evidence." The language we have inclosed in brackets is assailed. It is said the jury might well have understood that, if they were not to deduct benefits or future accessions of value, they should add them. The language of the court is somewhat obscure, as applied to the issues in this case; but, whatever else it may be said to mean, it cannot, in view of its context, be given the construction which appellant places upon it. In this particular paragraph the jury is told expressly that the measure of plaintiff's damage is the fair market value of the lot at

the time it was taken, and that its enhancement there-
after in value must not be considered. And in the
fourth paragraph this thought is emphasized in the fol-
lowing language: "In arriving at your value of this
lot, you should not return a verdict based upon a specu-
lative value, but solely at its reasonable market value
at the time it was taken." We think, on the whole, the
charge was correct, and that the defendants could not
have been prejudiced by the phrase to which
they except. There was no error in refusing to
give the instructions asked by defendants, for the
subject-matter was contained in the charge as given.
The evidence as to the value of the lot is in conflict, but
there is quite sufficient to sustain the amount fixed by
the jury. For the reasons given the judgment will be
AFFIRMED.