C. Ranck, Appellee, v. The City of Cedar Rapids, Appellant.

**Eminent domain:** ELEMENTS OF DAMAGE: EVIDENCE. In a proceeding to condemn property the measure of damages is the value of the property as it stood at the time of the appropriation; but this rule permits proof of all the varied elements of value which would properly and naturally be taken into consideration by the owner and a purchaser of ordinary prudence desiring the property.

**Same.** The owner of property sought to be condemned may show its value for a special use for which it has been fitted, and that a particular line of business has been conducted therein for a long time, thus giving an increased value to the location.

**Same.** Evidence of a general advance in price of property at the date of the condemnation in the immediate neighborhood of that sought to be condemned, although attributable to the very public improvement for the use of which the condemnation is being made, is admissible on the question of the owner's damage.

Deemer and Ladd, JJ., dissenting.

**Same.** To admit evidence of sales of other property as bearing on the value of that sought to be condemned there must be a showing of similarity of character and situation, or, if dissimilar, the difference should be made to appear that the jury

may make proper allowance therefor in its consideration of the case.

**Instructions:** REFUSAL. A requested instruction supported neither by the pleadings nor evidence should be refused.

*Appeal from Linn District Court.—* HON. W. G. THOMPSON, Judge.

MONDAY, MAY 20, 1907.

THE opinion states the case.— *Affirmed.*

*Deacon & Good* and *H. E. Spangler,* for appellant.

*Jamison & Smyth* and *S. K. Tracy,* for appellee.

WEAVER, J.— On April 6, 1905, the plaintiff was, and for some years had been, the owner of a lot bordering upon the west shore of the Cedar river, in the city of Cedar Rapids. About this date the city instituted proceedings to condemn the entire lot for public use as a street and landing for a new bridge to be thrown across the river at that point. The sheriff's jury having assessed the plaintiff's damages at $7,500, he appealed from said award to the district court, where a verdict was returned in his favor for $11,000. A motion for new trial was overruled, and judgment rendered in plaintiff's favor for costs and attorney's fees. The defendant appeals.

As the city seeks to appropriate the entire lot, it is conceded that the one question to be determined by these proceedings is the fair market value of the property so taken, and exceptions argued by counsel go to the correctness of the rulings of the trial court upon the admission of testimony and of certain instructions given to the jury.

I. Several witnesses on part of plaintiff were asked and permitted to testify as to the value of the improvements on the lot and the value of the lot with and without the improvements. Plaintiff was also allowed to show that he

had fitted up a livery stable and undertaking rooms on the
property, and had carried on such business
there for a long time, and that the situation
was well adapted to and valuable for these
purposes.  It is the contention of the appellant that the true
measure of damages was the value of the property as a whole
in its condition as it stood at the date of the condemnation,
and that the inquiry into the details here referred to
tended to confuse the jury concerning this rule and unduly
enhance the plaintiff's recovery.  It is true that the defend-
ant's liability is to be measured by the value of the property
as it stood at the date of its appropriation; but it does not
follow from this proposition that evidence of the kind here
in question is not material and competent to aid the jury in
finding what in fact that value was.  On the contrary, while
there is some confusion in the holdings of the courts along
this line, it seems to be fairly well established that proof of
such facts is admissible — not as affording a measure of
recovery, but as tending to disclose the real character and
condition of the property — and support the estimates of
value given by the witnesses.  Generally speaking, the true
rule seems to be to permit the proof of all the varied ele-
ments of value; that is, all the facts which the owner would
properly and naturally press upon the attention of a buyer
to whom he is negotiating a sale and all other facts
which would naturally influence a person of ordinary pru-
dence desiring to purchase.  *Spring V. W. Co. v. Drink-
house,* 92 Cal. 528 (28 Pac. 681); *Snouffer v. Railroad
Co.,* 105 Iowa, 682; *Railroad Co. v. Woodruff,* 49 Ark. 381
(5 S. W. 792, 4 Am. St. Rep. 51); *Railroad Co. v. Braham,*
79 Pa. 447; Lewis on Eminent Domain, sections 408, 478;
*Johnson v. Railroad Co.,* 111 Ill. 414; *Railroad Co. v. Gear-
hart,* 81 Pa. 260.

In this estimation the owner is entitled to have the
jury informed of all the capabilities of the property, as to
the business or use, if any, to which it has been devoted, and

1. EMINENT
DOMAIN: ele-
ments of
damage:
evidence.

of any and every use to which it may reasonably be adapted or applied. And this rule includes the adaptation and value of the property for any legitimate purpose or business, even though it has never been so used, and the owner has no present intention to devote it to such use. *Railroad Co. v. Ryan,* 64 Miss. 399 (8 South. 173); *Johnson v. Railroad Co.,* 111 Ill. 414; *Railroad Co. v. Bishop,* 119 Ill. 525 (10 N. E. 372); *Broom Co. v. Patterson,* 98 U. S. 403 (25 L. Ed. 206); *Cochrane v. Com.,* 175 Mass. 299 (56 N. E. 610, 78 Am. St. Rep 491); *Sherman v. Railroad Co.,* 30 Minn. 229 (15 N. W. 239). To this end it has been held proper for the owner to prove the presence and value of undeveloped mineral deposits in the land taken, *Doud v. Railroad Co.,* 76 Iowa, 438; *Railroad Co. v. Forbis,* 15 Mont. 452 (39 Pac. 571, 48 Am. St. Rep. 692); *Haslan v. Railroad Co.,* 64 Ill. 353; *Cameron v. Railroad Co.,* 51 Minn. 160 (53 N. W. 199); *Seattle v. Roeder,* 30 Wash. 244 (70 Pac. 498, 94 Am. St. Rep. 864); the cost and value of the house and other improvements on the premises, *Railroad Co. v. White,* 28 Neb. 166 (44 N. W. 95); *Briggs v. Railroad Co.,* 56 Kan. 526 (43 Pac. 1131); *Van Husen v. Railroad Co.,* 118 Iowa, 366; *Haggard v. District,* 113 Iowa, 486; *Orleans R. Co. v. Jefferson R. Co.,* 51 La. Ann. 1605 (26 South. 278); *Railroad Co. v. Hock,* 118 Ill. 587 (9 N. E. 205); *Warden v. Phila.,* 167 Pa. 523 (31 Atl. 928); *Dupuis v. Railroad Co.,* 115 Ill. 97 (3 N. E. 720); *Beale v. Boston,* 166 Mass. 53 (43 N. E. 1029); *Maynard v. Northampton,* 157 Mass. 218 (31 N. E. 1062); *Colusa v. Hudson,* 85 Cal. 633 (24 Pac. 791); *Grand Rapids & I. R. Co. v. Weiden,* 70 Mich. 395 (38 N. W. 294); *Plank Road v. Thomas,* 20 Pa. 91; *Railroad Co. v. Trimmer* (31 Atl. 310); the cost of a well on the premises, *Foote v. Railroad Co.,* 11 Ohio C. D. 685, (Id. 21 Ohio Cir. Ct. Rep. 319); the value of a salt well, though not being utilized, *Kossler v. Railroad Co.,* 208 Pa. 50 (57 Atl. 66); the value of trees growing on the land, *Adkins v. Smith,* 94 Iowa, 758; *Walker v. Sedalia,*

74 Mo. App. 70; *Parks v. Railroad Co.,* 33 Wis. 413; the value of growing crops lost by the condemnation, *Lance v. Railroad Co.,* 57 Iowa, 636; *Gilmore v. Railroad Co.,* 104 Pa. 275; *Railroad Co. v. Scheike,* 3 Wash. 625 (29 Pac. 217, 30 Pac. 503); *Haislip v. R. R. Co.,* 102 N. C. 376 (8 S. E. 926); the kind and value of crops produced in other years, *Hosmer v. Warner,* 81 Mass. 46; the income which might be derived from the property, *Weyer v. Railroad Co.,* 68 Wis. 180 (31 N. W. 710); *Sanitary Dist. v. Loughran,* 160 Ill. 362 (43 N. E. 359); and the fact that the owner has an established and lucrative business on the premises, *Kennebec W. District v. Waterville,* 97 Me. 185 (54 Atl. 6, 60 L. R. A. 856); *Grand Rapids R. Co. v. Weiden,* 70 Mich, 390 (38 N. W. 294); *Covington T. Co. v. Piel,* 87 Ky. 267 (8 S. W. 449); *Dupuis v. Railroad Co.,* 115 Ill. 97 (3 N. E. 720); *Railroad Co. v. Johnson,* 24 Neb. 707 (40 N. W. 134); *King v. Railroad Co.,* 32 Minn. 224 (20 N. W. 135). The price paid for the property has been held a pertinent fact for the consideration of the jury. *City v. Kimbrough,* 59 Tenn. 133; 10 Am. & Eng. Ency. Law (2d Ed.) 1155; *Whipple v. Walpole,* 10 N. H. 130; Mills on Eminent Domain, section 168; Lewis on Eminent Domain, section 444; *Thompson v. Anderson,* 94 Iowa, 554. Concerning evidence of cost of improvements as affecting estimates of value of property of the kind we are here considering, see *Faust v. Hosford,* 119 Iowa, 104; *Richmond v. R. R. Co.,* 40 Iowa, 264. In some cases the loss and inconvenience which must be incurred by the interruption of business or its enforced removal to another location have been recognized as material facts bearing upon the value of the property. *Railroad Co. v. Chamblin,* 100 Va. 401 (41 S. E. 750); *Railroad Co. v. Capps,* 67 Ill. 607; *Railroad Co. v. Hock,* 118 Ill. 587 (9 N. E. 205); *Railroad Co. v. Weiden,* 70 Mich. 390 (38 N. W. 294); *Commissioners v. Moesta,* 91 Mich. 149 (51 N. W. 903); *Ehret v. Railroad Co.,* 151 Pa. 158 (24 Atl. 1068); *Railroad Co. v. Getz,* 113 Pa. 214 (6 Atl.

356) ; *Seattle v. Roeder,* 30 Wash. 244 (70 Pac. 498, 94 Am. St. Rep. 864) ; *Patterson v. Boston,* 20 Pick. (Mass.), 159, (Id., 23 Pick. 425 ; *Jubb v. Hall Dock,* 9 Q. B. 443 ; *Railroad Co. v. Heisel,* 47 Mich. 393 (11 N. W. 212) ; *Railroad Co. v. Siegel,* 161 Ill. 638 (44 N. E. 276).

The cases we have thus far cited may not all be of controlling authority in this State but they serve well to illustrate the marked tendency of the courts to liberality in the admission of proof of any and all facts having any legitimate tendency to aid the jury in arriving at the value of the property appropriated under power of eminent domain. The fact that the owner is denied the ordinary right to refuse to sell his property, except at his own price and on his own terms, affords no reason for awarding him more than a just compensation; but it does afford good reason why he should be given every opportunity to disclose to the jury the real character of the property — its location; its surroundings; its use; its improvements, if any, and their age, condition, and quality; its adaptability to any special use or purpose; its productiveness and rental value; and, in short, everything which affects its salability and value as between buyers and sellers generally. Though acting under legal compulsion, the owner stands in some degree in the attitude of a seller of property, the price of which is to be fixed and settled by the jury, and, so far as he can do so within the bounds of truth and fairness, he is entitled to display all the attractive and desirable features of such property which may tend to enhance its value in the market, and thus secure the highest obtainable compensation therefor.

The party condemning has, of course, the correlative right to rebut the showing thus made by disputing its truth and by proof of other facts which affect the value of the property unfavorably. It is true that market value and intrinsic value are not necessary equivalents, but proof of the latter is often competent evidence for consideration in determining the former. *Railroad Co. v. Braham,* 79 Pa.

447. For instance, if the property condemned has upon it a large business block, it would certainly be material to know whether the building is of steel frame and fireproof construction, or is a cheap veneered wooden frame; and the amount and value of the steel, in the one case, and of the cheaper material in the other, would be an important factor in the judgment of any fair-minded witness or juror in making an estimate of the value of the property as an entirety. That is, these items are not to be considered as in themselves affording a basis or measure of recovery, but as explaining and supporting the estimates made of the value of the property as it stands. As said by us in *Snouffer v. Railroad,* 105 Iowa, 681: " It is right for the jury to consider every fact which tends to give value to the property on the day it is taken." In *Pingery v. Railroad Co.,* 78 Iowa, 442, we also said: " The plaintiff in making his proofs is not confined to mere expert testimony as to the values before and after location, but he may put the jury in possession of such facts as will enable it to make a legitimate estimate of damage therefrom." Speaking to the same point made by the appellant in the present case, the Supreme Court of Washington says that, while the value of the improvements upon or products of the land condemned are not to be considered as a measure of recovery, yet " the value and extent and quality of the stone or the buildings or the lumber, as it exists on the land, may be considered." Lewis on Eminent Domain, section 486; *Seattle Railway Co. v. Roeder,* 30 Wash. 244 (70 Pac. 498, 94 Am. St. Rep. 864). " In arriving at the value of the property taken, a wide range of evidence is admissible." *Railroad Co. v. Brown,* 15 Colo. 196 (25 Pac. 87). " Any existing facts which enter into the value of the land in public and general estimation, and tending to influence the minds of sellers and buyers, may be considered." *Russell v. Railroad Co.,* 33 Minn. 210 (22 N. W. 379). The estimate of value " includes every element of usefulness and advantage in the

property. . . . In determining market value, everything which enhances or depreciates its worth should be taken into consideration." *Alloway v. Nashville,* 88 Tenn. 510 (13 S. W. 123, 8 L. R. A. 123).

How much latitude is to be allowed in bringing out testimony of collateral facts in support of estimates of value by witnesses " is a matter which must be left very largely to the discretion of the presiding judge. We would not undertake to fix the limits of a discretion so necessary to be exercised." *Railroad Co. v. Woodruff,* 49 Ark. 381 (5 S. W. 792, 4 Am. St. Rep. 51). In our judgment the great weight of authority sustains the ruling of the trial court in admitting the evidence here objected to by the appellant and the ruling to which exception is taken involves no error. Nor is there anything in this conclusion which is out of harmony with *Everett v. Railroad Co.,* 59 Iowa, 243, on which the appellant relies. In that case the property owner sought to show by a witness how many town lots could be platted upon the land in question, and, if so laid off, " what the lots would probably sell for in the market," and answer to this interrogatory was excluded. What lots would probably sell for if the land were platted was merely a speculative matter into which the court would not stop to inquire. Had the owner there shown that his land was of such character and location as to afford favorable opportunity for platting a town site or for being divided into smaller lots on which to erect suburban residences, and that such fact gave to his property as it stood a greater value than it would command for purely agricultural use, then, under the rule here approved, the evidence would certainly have been admissible; but no such case was made. *Alexian v. Oshkosh,* 95 Wis. 221 (70 N. W. 162); *Warden v. Philadelphia,* 167 Pa. 523 (31 Atl. 928); *R. & T. Co. v. Kerth,* 130 Ind. 314 (30 N. E. 298); *Railroad Co. v. Beeson,* 36 Neb. 361 (54 N. W. 557); *Railroad Co. v. Longworth,* 30 Ohio St. 108.

II.   It is claimed upon part of the appellant that ap-

pellee was permitted to testify to the loss of or injury to his business by reason of the condemnation, and that such evidence is inadmissible. If the record bore out this claim, it would present a very serious question, for the rule observed by the courts with respect to damages of this nature is involved in considerable doubt; but we need not pause to consider it here, because an examination of the abstracts does not sustain the alleged error.

Appellee, as a witness, did testify that he had a stable on the lot fitted up for a large number of horses, and was conducting a livery and feed business there, that such business had been conducted in the same place 2. SAME. for sixteen years, and that the long use of the premises for such purpose tended to increase their value for such business; but in this there was no error, for all these matters were relevant and material upon the question of the value of the property as indicated in the preceding paragraph of this opinion. No question was asked, and no answer given, as to the injury resulting to the business. The value of the property for any special use for which it is fitted or adapted may always be inquired into, and the fact that for a long time a particular line of business has been there carried on, thus giving an increased value to the location, may also be shown. Of the many authorities already cited supporting this view, none are more directly in point than *King v. Railroad Co.,* 32 Minn. 224 (20 N. W. 135). From this opinion prepared by Mitchell, J., a jurist of distinguished ability, we quote:

We think it elementary that a person is entitled to the fair value of his property for any use to which it is adapted. . . . It is, we think, equally true that any fact is proper to be considered which legitimately bears upon the market value of the property. In this case evidence was introduced tending to prove that the fact of a business having been established and carried on upon the premises for so long a time materially increased the market value of this property. If

this was a fact, it was competent to prove it; and, if proved, we cannot see why it was not proper to be taken into consideration in estimating the value. . . . The owner has the right to its value for the use for which it would bring the most in the market. The property was expressly built for a plow factory, and was especially fitted for such a use, and it is not unreasonable to suppose that a purchaser would give more for it than he would if the business had been suspended for some time, or had never been established there. Take, for example, a hotel built expressly as a public house, and not capable of advantageous use for anything else. Might it not be worth more — that is, bring more in the market — by reason of the fact that it had for years been run as a hotel? . . . If so, why is it not a proper element to take into account in determining its value? To do so is not, as counsel seem to argue, to pay the owner for his loss of business or future profits, but simply to give him the marketable value of his property for the use for which it is best adapted and for which it would bring the most.

This doctrine is in entire harmony with our own decisions. It is also sound in principle, and fully justifies the rulings of the trial court to which the exceptions here considered were taken.

III. A witness on the part of the appellee was permitted to testify that the fact that a bridge was to be constructed across the river had the effect to increase the market value of real estate generally in the neighborhood embracing the property in question, and upon this ruling error is assigned. If we were to concede the objection to be well taken, it is probable that the error was cured by subsequent rulings and instructions of the court; but we are disposed to hold the evidence admissible. It is true, of course, that the necessity or convenience of the party condemning the property must not be considered for the purpose of exacting payment of more than its fair value; but the convenience and availability of such property for use as a bridge landing is a material consideration in fixing its value, as is, also, any general advance of real

3. SAME.

estate values in that neighborhood without regard to the cause which produced it; and this is true even if the general advance is attributable to the very improvement for the use of which the condemnation of a particular lot is being made.    *Snouffer v. Railroad Co.*, 105 Iowa, 681; *Newgass v. Railroad Co.*, 54 Ark. 140 (15 S. W. 188) ; *Aspinwall v. Railroad Co.*, 41 Wis. 474; *Boom Co. v. Patterson*, 98 U. S. 403 (25 L. Ed. 206) ; *Railroad Co. v. Woodruff*, 49 Ark. 381 (5 S. W. 792, 4 Am. St. Rep. 51) ; *Morin v. Railroad Co.*, 30 Minn. 100 (14 N. W. 460) ; *R. R. Co. v. Brugger*, 24 Tex. Civ. App. 367 (59 S. W. 556) ; *Allen v. R. R. Co.*, (Tex. Civ. App.), 25 S. W. 826; *In re State House*, 19 R. I. 382 (33 Atl. 523) ; *Harrison v. Young*, 9 Ga. 364; *San Diego T. L. Co. v. Neale*, 78 Cal. 63 (20 Pac. 372, 3 L. R. A. 83) ; *Cohen v. Railroad Co.*, 34 Kan. 158 (8 Pac. 138, 55 Am. Rep. 242) ; *Currie v. Railroad Co.*, 52 N. J. Law, 381 (20 Atl. 56, 19 Am. St. Rep. 452) ; *In re N. Y. L. R. R. Co.*, 27 Hun. (N. Y.), 116; *In re Gilroy*, 85 Hun. 424 (32 N. Y. Supp. 891). The *Snouffer case, supra*, is directly in point. True, plaintiff is confined to the value of the property at the time of the taking; but the amount of his recovery is not to be reduced or diminished simply because such present market value may have been strengthened or enhanced by the prospect of the improvement for which the condemnation is made.

IV.    One Anderson, a real estate agent, testifying for the appellant having given his estimate of the value of the property, was asked, " Have you known of, and have you made, any sales in that vicinity ? " and upon

**4. SAME.** objection by the appellee the answer was excluded.    While the court might well have admitted the answer as bearing upon the qualification of the witness as an expert, there was no prejudicial error in its exclusion.    The witness had already shown himself qualified to testify as to values, and the question was asked evidently as preliminary to the proof of prices for which other property in that vi-

cinity had been sold.  There was no offer to show the rela-
tive situation of the lots so sold with reference to appellee's
property, or similarity of the improvements thereon, or even
that they were upon the same street, or the date of such
sales.  There is some general language made use of in *Chero-
kee v. Town Lot Company,* 52 Iowa, 281, which tends to
support the contention of counsel that this testimony should
have been admitted.  It will be noted, however, on page 283 of
the case last above cited, that, upon rehearing being granted,
this language was modified, and the general rule affirmed
that in order to admit such testimony similarity of character
and situation must be shown, or, if dissimilar, the difference
should be so made to appear as to enable the jury to make
proper allowance therefor in its consideration of the case.
See, also, as affirming the inadmissibility of this class of
testimony in the absence of such preliminary showing, Lewis
on Eminent Domain, section 444; *Peoria G. L. Co. v. Rail-
road Co.,* 146 Ill. 372 (34 N. E. 550, 21 L. R. A. 373);
*Lanquist v. Chicago,* 200 Ill. 69 (65 N. E. 681); *Simons
v. Railroad Co.,* 128 Iowa, 150; *King v. Railroad Co.,* 34
Iowa, 461; *Cummins v. Railroad Co.,* 63 Iowa, 404.

V.  Error is assigned upon the refusal of a request
by appellant to instruct the jury that nothing should be
allowed to the appellee for injury to his business.  As no

5. INSTRUCTIONS: claim was made for damages for injury to
refusal.        business, and no evidence offered in support
of such a claim, the request was properly refused.  The
jury were properly instructed as to the measure of damages
and in substantial accord with the rules of law contended for
by appellant.  As usual in this class of cases, the witnesses
testifying on the trial differ very widely in their estimates
of the value of the property in controversy; but there is
ample evidence to support the verdict.  The jurors were
also residents of the county, and are presumed to have been
fairly well qualified to judge for themselves upon matters
involving the values of real estate in that jurisdiction, and

therefore qualified to weigh and give proper consideration to the evidence produced in their presence. We cannot interfere with their finding.

The judgment of the district court is therefore *affirmed*.

DEEMER, J. (dissenting).— Plaintiff's entire lot was taken, and here is permitted to show the enhanced value to other property near his lot in virtue of the location of the bridge to enhance the value of the lot taken for the very improvement which it is said would add to the value of other property in that vicinity. I do not think this testimony was admissible. Many cases might be cited in support of this view, but I need not take the time to set them out. It is the value at the time of taking, and not the value after the improvement is made, which should be considered. Surely the city should not be held to pay an increased value by reason of the supposed advancement in values to other property because of the location of the bridge. There were other rulings which I think were erroneous.

LADD, J.— I concur in the dissent.