HAM v. THE WISCONSIN, IOWA & NEBRASKA R'Y CO.

1. **Evidence:** SECONDARY: ADMISSION WITHOUT OBJECTION. Where secondary evidence as to a material point is admitted without objection, it cannot on appeal be claimed that there was *no* evidence on that point.

2. **Practice in Supreme Court:** ISSUE NOT MADE BELOW. Where appellee was made a party to an action on the ground that he was the owner of certain land, and no issue as to his title was raised below, *held* that such issue cannot be raised for the first time on appeal.

3. **Railroads:** RIGHT OF WAY: DAMAGES: OWNER'S ENTIRE FARM CONSIDERED. Where separate tracts of land, as fixed by government survey, were owned and used together by plaintiff as one farm, though the tracts were separated by a highway, and the right of way desired by defendant lay along the highway and wholly within one of the tracts, *held* that, in estimating plaintiff's damages, the injury to the whole farm should be considered.

4. **Practice in Supreme Court:** AMENDED ABSTRACT NOT DENIED TAKEN AS TRUE. Where appellee files an amended abstract, which is not denied by appellant, it will be taken as true.

5. **Evidence:** ERROR IN ADMISSION OF: CURED BY INSTRUCTIONS. Where improper testimony has been admitted, the court may cure the error by instructing the jury to disregard it.

6. **Railroads:** RIGHT OF WAY: ELEMENTS OF DAMAGE. The true criterion for estimating damages on account of right of way taken for railroads is the difference in the value of the land before and after the construction of the road; and in estimating such damages, the obstruction of the owner's view, interfering with his privacy, and the noises of operating trains, are proper to be considered.

7. **Practice:** INSTRUCTION ASKED: MANNER OF MODIFYING. Where the closing sentence of an instruction asked was considered objectionable by the court, and was eliminated by the separation of the papers on which the instruction was written, *held* that this was not a violation of section 2785 of the Code, providing how changes in instructions shall be noted.

8. **Evidence:** ERROR IN EXCLUDING CURED. Error in excluding testimony offered may be cured by afterwards admitting it.

9. ———: ADMISSION OF: ERROR WITHOUT PREJUDICE. Error in admitting testimony which, upon considering the whole record, could have wrought no prejudice to appellant, will not justify a reversal.

*Appeal from Marshall Circuit Court.*

THURSDAY, OCTOBER 18.

AD QUOD DAMNUM to condemn land required by defendant for its right of way. The plaintiff appealed from the assessment made by the commissioners selected by the sheriff, and a judgment upon a verdict was rendered upon the appeal in the circuit court for $700, from which defendant appeals.

*J. M. Parker* and *J. H. Bradley*, for appellant.

*Caswell & Meeker*, for appellee.

BECK, J.—I. We will consider the objections to the judgment presented in argument by defendant in the order of their discussion by counsel.

Defendant insists that there was no proper evidence of plaintiffs ownership of the land, and at the conclusion of the evidence asked the court to so instruct the jury. There was evidence introduced at the trial tending to show plaintiff's possession and ownership, which was not objected to at the time. If this evidence be

regarded as secondary in character, having been admitted

2. PRACTICE in supreme court: issue not made below. without objection, it is not now a proper subject of complaint. And as the plaintiff was made a party to the action on the ground of his owner-ship of the land, and no issue was raised at the trial involving the title thereto, it is too late to raise such an issue in this court.

II. The railroad was constructed through plaintiff's farm along a road which followed a government subdivision, plaint-

3. RAILROADS: right of way; damages; owner's whole farm considered. iff's house and other buildings being on the south side of the road, and much, if not the greater part, of the farm lying upon the north side. In de-terming the damage sustained by reason of the construction of the railroad, the injury to the whole farm was considered. Defendant claims that the injury should have been confined to the government subdivision upon which the road is located.

The separate tracts of land as fixed by the government sur-vey were used together as one farm, not separately and as distinct farms. The improvements and some cultivated land are on the south side of the road, the greater quantity of plow and pasture land is on the north, thus constituting the whole one farm, made up of all the separate government subdivis-ions. In determining plaintiff's damage, the court properly held that the injury to the whole farm should be considered. *Hartshorn v. B., C. R. & N. R'y Co.*, 52 Iowa, 613; *Ren-wick, Shaw & Crossett v. The D. & N. W. R. Co.*, 49 Id., 664.

III. It is claimed in argument by defendant that no notice was given defendant of plaintiff's claim for damages

4. PRACTICE in supreme court: amended ab-stract: effect of. resulting to the land, other than to the subdivision upon which the railroad is located. An amended abstract, which is not denied by defendant, dis-putes this allegation of fact. As it is not denied, it must be regarded as true.

IV. The language of an instruction given to the jury in

regard to allowing damages, so far as the injury affected the whole farm, is made the subject of criticism. . The land upon which the railroad is located is described in the instruction as the tract "immediately" affected; the other land is described as being "immediately north" of this tract. The defendant's counsel insist that the word "immediately" is used as descriptive of the injury. This is a mistake; it is used to indicate the location of the respective tracts. The instruction does not convey the idea that the land north of the railroad is not "immediately affected" by the injury.

V. Witnesses were permitted to testify to certain matters regarded as elements of injury to the land, as the breaking of a levee on an adjoining farm, inconvenience resulting from crossing the railroad, and other matters. This evidence is now made the ground of complaint. But the court directed the jury that they could not base their finding of damages on these matters. This cured the error, if there was any, in admitting this evidence.

**5. EVIDENCE: error cured by instruction.**

VI. The defendant requested the court to give the following instruction to the jury: "The use to which the land taken is put, as for the running of railway trains, is to be regarded in determining the compensation. But the depreciation arising from annoyances which do not differ in kind from those suffered by the community in general, is not to be taken into account. Obstructing the view, or interfering with the owner's privacy, or the noises of operating trains, are not to be considered."

**6. RAILWAYS: right of way: elements of damage.**

The last sentence of the instruction was taken out by the separation of the paper, and the instruction as thus changed was given. The instruction as modified is correct, and the part eliminated is erroneous. If the land is of less value on account of the matters referred to in the part taken out than it was before the road was built, they constitute a proper element of damages; the value of the land before and after the construction of the road being the true criterion of damages. The sentence eliminated is inconsistent with the other part

of the instruction, as the matters contemplated in the rejected part are not of a nature to affect the public generally.

VII.   Counsel for defendant insist that the change of the instruction in the manner above indicated violates Code, §

7. PRACTICE: instructions asked: manner of modifying.

2785, which provides that such changes shall not be by erasures or interlineation, " but shall be well defined, and shall follow some such characterizing words as 'changed thus,' which words shall themselves indicate that the same was refused as demanded."

The object and spirit of this provision is to so direct that the changes in the instruction, and the parts given and refused, shall be unmistakably indicated, to the end that the action of the court may be clearly shown, in order that it may be reviewed.   We cannot suppose that the legislature attaches any importance to the form or manner of changes, further than that they should be so made as to effectuate this object.   The court below, in changing the instruction, well defined the part of the instruction given and the part refused.   This is sufficient.

VIII.   A witness for defendant was asked certain questions tending to elicit evidence of the fact that the railroad was not

8. EVIDENCE: error in excluding cured.

completed.   Upon objection, he was not permitted to answer the questions.   This ruling is complained of by counsel.   But the witness, before he closed his examination in chief, did testify to the fact that the railroad was not finished.   If any error was committed in the ruling, it was cured by afterwards admitting the testimony.

IX.   A question was put to certain witnesses in order to elicit their opinion of the difference in the value of the farm

9. ——: admission of: error without prejudice.

before and after the construction of the railroad, in which the "damage from fire" was named as an element of the depreciation of value.   The witnesses, replying to the question, named a sum, but they also stated the elements of depreciation upon which they based their answers, and in them the "damage from fire" was not included.   If there was error in permitting the question to

be asked in the form including the words "damage from fire," it was without prejudice, for the reason that the witnesses made no response to the question so far as it related to fire.

Other elements of depreciation of value complained of by counsel, which were referred to by the witnesses, were, by an instruction to the jury, expressly excluded from their consideration. No prejudicial error resulted therefrom.

The foregoing discussion covers all questions pressed in argument by counsel for defendants. The judgment of the circuit court is

AFFIRMED.