## In re RUGHEIMER.

(*District Court, E. D. South Carolina.*   October 19, 1888.)

**1. EMINENT DOMAIN—COMPENSATION—PUBLIC BENEFITS.**
    In awarding compensation for land taken by the United States for the erection of a public building, benefits resulting to the community at large from the use made of the land should not be considered.[1]

**2. SAME—SPECIAL VALUE.**
    The amount of the award need not be confined to the market value of the land, as fixed by experts; but where the land possesses a special value to the owner, which can be measured by money, he is entitled to have that value estimated.[1]

At Law.   Proceedings for condemnation of land for purposes of the United States.

For opinion on application for decretal order, see *ante*, 369.

*L. F. Youmans,* Dist. Atty., and *H. A. De Saussure,* Asst. Dist. Atty., for the United States.

*Buist & Buist* and *Wingate,* for respondent.

SIMONTON, J., (*charging jury.*)   The government of the United States needs the lot of land of John Rugheimer, and before it will acquire the property your verdict is asked.   Your duty is to assess and name the sum of money which, you conclude from the evidence produced before you, must be paid to the owner of the lot of land in question as just compensation to him in case of its acquisition by the United States, if the United

---

[1] Respecting the elements of damage which may be considered in awarding compensation in condemnation proceedings, see Esch v. Railway Co., (Wis.) 39 N. W. Rep. 129, and note; Quigley v. Railroad Co., (Pa.) 15 Atl. Rep. 478, and note; Redmond v. Railway Co., (Minn.) 40 N. W. Rep. 64, and note.

States takes it. You should give him the value to-day of the lot of land, with its buildings thereon. I mean so much of its value as can be measured by money, taking it as a whole, not estimating the lot and the buildings separately. In estimating your award you must not take into consideration any benefit the city or the community at large may derive from the use the United States may make of this lot of land. All the community enjoy these benefits equally with Mr. Rugheimer, and there is no reason why he should contribute to them at his personal cost. Again, the government needs this lot of land. It is owned by a private person. They cannot agree as to the price. While there can be no doubt as to the right of the United States to acquire the lot for a public purpose, it is also the unquestionable right of the citizen to hold his property, and if the public exigencies require him to part with it against his will, the constitution of the United States secures him just compensation. I am not prepared to charge you, as requested, that, in determining compensation, we are, in every case, necessarily bound to confine ourselves to the market value of the property, as fixed by experts, and to that only. The owner, in cases of condemation, does not offer the property for sale; nor is there any contract of sale. The market value of property has a controlling influence when the price is to be fixed after a contract of sale is in question. This market value of real estate put up for sale is determined by the opinion, judgment, whim, necessity, or caprice of others. Compensation in cases like this before you is somewhat influenced by the circumstances and personal relations of the individual to be compensated. His property may have a special value to him which it could not have to any one else, and when he is called upon to make the surrender of it for public use, he is entitled to have this special value estimated, if it exists, and can be measured by money. So, while the market value of this property necessarily must enter as an essential and important element of compensation, and in many, perhaps most, instances is the sole element, it may or may not be the sole measure of compensation. Does such special value exist in this case? You are not to make perfect and complete compensation. This oftentimes, perhaps always, is impossible. You are to make just compensation. In estimating what is just compensation you must inquire what he will lose by parting with it to the United States. He is entitled to this, and no more than this,—what he will lose, not remotely, but proximately, directly, as the immediate result of the acquisition of the lot by the United States. And fix the sum which, in justice to both parties, the United States should pay. The fact that the lot is required by the United States will not justify you in paying more than its value. You are impartial persons, selected by lot. Consider the whole case. Deal with both parties fairly. While you facilitate the public purpose of the government, respect and guard the rights of the citizen.