THE UNION TERMINAL RAILROAD COMPANY v. PEET
BROTHERS MANUFACTURING COMPANY.

No. 9775.

1. EMINENT DOMAIN — *owner of two tracts, with right of way over or under intervening cattle drive, entitled to damages to both tracts though part of only one taken.* In assessing the damages to two tracts of land owned by a manufacturing company, separated by a cattle drive sixteen feet wide, over and under which the land owners had a right of way, with full privilege to bridge over or tunnel under as they might see fit, damages may be awarded to both tracts though the right of way appropriated is taken wholly from one of them.

2. ———— *evidence of value before and after appropriation, not erroneous because uses to which land adapted taken into consideration.* In assessing the damages in such a case, it is not substantial error to admit testimony showing the plans of the land owner for the future use of the ground over which the right of way is condemned, where the estimates of damages are confined to the market value of the land immediately before and immediately after the appropriation of the right of way, and where no evidence is offered of future profits, or values, based on contemplated improvements.

Error from Wyandotte District Court. Hon. Henry L. Alden, Judge. Opinion filed May 8, 1897. *Affirmed.*

*Trimble & Braley* and *J. A. Eaton,* for plaintiff in error.

*Lathrop, Morrow, Fox & Moore* and *McGrew, Watson & Watson,* for defendant in error.

ALLEN, J. The proceeding in the District Court from which the petition in error in this case is prosecuted, was an appeal from an award of damages by condemnation commissioners. Both parties are cor: porations. The Manufacturing Company owned two tracts of land, the west one consisting of two acres, on which it had constructed buildings for the purpose

of rendering tallow and manufacturing glue and fertilizers. The east tract, containing ninety-one hundredths of an acre, is bounded on the east by the Kaw River. Between these two tracts there is a cattle drive sixteen feet wide. · The plaintiffs had the right of connecting the two tracts of land by bridging over or tunnelling under the cattle drive in any manner they saw fit, provided they did not interfere with the free use of the drive. The railroad of the defendant is located across the east tract, nearly equidistant from the river and the cattle drive. The jury assessed plaintiff's damages as follows: For the strip of land appropriated for the right-of-way, $1,600; for damages to the remainder of the tract east of the cattle drive, $2,800. To this, interest was added, making the total $4,660.

The first point argued in the brief is, that the tracts divided by the cattle drive were separate and distinct; and that no damages could be awarded for depreciation in value of the tract west of the cattle drive. While the jury assessed no damages to the west tract, it is urged that all the witnesses on whose evidence the verdict was based, took into consideration the damages to the west tract, and made their estimate accordingly. This contention is not sustained by the record. E. S. Merrill and Nicholas McAlpine, witnesses for the plaintiff, testified that they thought the tract west of the cattle drive just as valuable after the appropriation of the right of way as before. Other witnesses, however, testified to damages

1. Owner entitled to damages to both tracts.

to both tracts; and, if the Manufacturing Company was not entitled to recover for any depreciation in the value of the west tract, the admission of this evidence might, perhaps, have tended to prejudice the jury. We are of the opinion, however, that such evidence was properly admitted.

Conceding that the fee to the land over which the cattle drive was constructed was vested in the packing company, the easement of the plaintiff over and under it rendered it entirely practicable to use the two tracts of land in connection with each other. The Manufacturing Company had the right to bridge over and tunnel under the cattle drive wherever they saw fit, and it was entirely practicable to connect buildings on the east tract with those on the west, and in that manner to use both pieces of property together. The case is not like that of a street, or alley, in a city, the absolute and unqualified fee to which is vested in the public. While it may be conceded that a person owning property on both sides of a street has a right to cross and recross at will, that right is one enjoyed only in common with the general public. The rights of abutting lot owners to the use of the street are not superior to those of any one else. In this case, the right of the Manufacturing Company to cross the tract covered by the cattle drive, above and below it, was exclusive, and the use of the whole fee was divided between the packing company, which had the sole right to use the cattle drive, and the Manufacturing Company, which had the right to cross above and below it.

William Peet, president of the Manufacturing Company, was permitted to testify to the business carried on by the Peet Brothers Manufacturing Company, the size of the buildings already constructed on the west tract, that they had a soap plant at the foot of Delaware Street, in Kansas City, Mo., and that they contemplated the construction of buildings on the east tract for their soap plant. He was then asked with reference to the kind of buildings they had planned to construct on the east tract, and stated that their plans were to put up a main building 80 by 120 feet,

four stories high, with a kettle room adjoining 50 by 80 feet, consisting of three stories and a basement, for the purpose of manufacturing soap.   Various witnesses were asked in making their estimates of damages to take into consideration these plans, and, in view of the contemplated use of the two tracts together, to state the fair market value of the different tracts of land before and after the appropriation of the right of way.   Complaint is made of this testimony.   It is urged that the jury were led to base their estimate of damages on an air castle, existing then only in the imagination of the witnesses, and which might never take any more substantial form.   It is conceded that it was proper to show the various uses to which the tract was adapted, and for the jury to take into consideration any beneficial use to which the property might be put.   But it is urged that, in this case, the testimony went farther, and that it was sought to give substance and reality to that which might never actually exist.   If the plaintiffs had gone further, and attempted to show either the value of the east tract as it would have been with the buildings constructed on it, or the profits they might have derived or the savings they might have made by using the proposed buildings in connection with the plant they then had, there would be great force in the objection to the testimony.   But the witnesses were, after all, required to estimate the market value of the land as it then was, before and after the appropriation ; and the only purpose for which they were authorized to take the contemplated improvements into account, was to determine the value of the property in the condition it was at the time of the condemnation.   We are inclined to think that the testimony actually given was scarcely more than one method of stating a pur-

2. Evidence of future use not substantial error.

pose to which the land was adapted, and that the jury were quite competent to weigh the probabilities of its ever being employed for any such purpose. The questions asked of the witness Straight, were substantially like those propounded to other witnesses, but in answer to one of them, he said : "In my judgment, for that individual business, it would depreciate the property at least two thousand dollars an acre all through." It is urged that there was error in the admission of this answer. No motion, however, was made to strike out the answer, and the question, though somewhat loose and indefinite, did not call for an estimate of this kind. No substantial error was committed in the admission of testimony.

Several of the instructions given are criticized, and error is alleged in the refusal of the court to give those asked by the defendant. The questions presented on these rulings are substantially the same as those raised on the introduction of the testimony, and present no reversible error.

The judgment is affirmed.