The Rock Island and Eastern Illinois Railway Co.

*v.*

Byron Gordon *et al.*

*Opinion filed February 19, 1900—Rehearing denied April 5, 1900.*

1. Eminent domain—*when admission of plat of contemplated improvement is not error.*   A plat representing a contemplated subdivision of land into blocks and lots is properly admitted in evidence upon the condemnation of a right of way, if its effect is expressly limited to illustrating an adaptable use of the property, and not for the purpose of enhancing the owner's damages by showing an actual platting of the land as indicated therein.

2. Same—*difficulty of access to part of tract cut off by right of way is an element of damage.*   That a portion of the tract of land intersected by a right of way will be to a large extent rendered inaccessible by reason of the construction and operation of the railroad is a proper element of damage.

3. Same—*whether way by user over private property exists is a collateral issue.*   Where the evidence shows that the only egress from or ingress to a portion of a tract intersected by the right of way is over private property, the petitioner is not entitled to submit to the jury the question whether there is not a way by user over such private property by reason of public travel thereover for twenty years. (Cartwright, C. J., and Boggs, J., dissenting.)

4. Same—*possible depreciation in rental value is not necessarily speculative damage.*   Possible depreciation in rental value of houses standing upon a tract of land intersected by a right of way, which will be occasioned by the operation of the railroad, is not necessarily an imaginary or speculative damage.

Appeal from the County Court of Rock Island county; the Hon. Lucian Adams, Judge, presiding.

Haas & Buford, for appellant.

Searle & Marshall, and John T. Kenworthy, for appellees.

Mr. Justice Magruder delivered the opinion of the court:

This is a condemnation proceeding, instituted by the appellant company, as petitioner, against the appellees for the purpose of condemning a right of way through

seventeen acres of land, owned by appellees, situated in the north-eastern part of the city of Rock Island, and known as the Gordon tract. It is located on the bank of the Mississippi river, and fronts the United States arsenal. The strip, sought to be condemned by the appellant, is about thirty feet in width at its western boundary, but widens to about forty-five feet at its eastern boundary, and is about twelve hundred feet long. The proposed right of way divides the seventeen acres into two parts, one of which, containing five acres, lies between the right of way and the Mississippi river; the other part, south of the right of way, contains about eleven acres. The quantity of land embraced in the strip to be taken is about one acre. Upon the land are houses, out-houses, barns, cribs, etc. There are six dwelling houses upon the eleven acres south of the proposed strip. Altogether there are eleven dwelling houses upon the tract. The proposed right of way will pass through and destroy improvements upon the premises, consisting of dwelling house, barn, corn-crib and wood-shed.

In addition to the evidence introduced as to the value of the property taken, and as to the damages to the property not taken, the jury viewed and examined the premises. The property, or at least some fourteen acres of it, is available for residence purposes. Fifth avenue, the street fronting it on the south, is a paved street, with gas, electricity, water, sewers; and over it runs an electric street railroad, making the property accessible from any part of the cities of Rock Island and Moline. It is in the midst of a population of some fifty thousand people, and all the adjacent property has been platted into lots and blocks and is mostly occupied for residence purposes.

The amount awarded by the jury, and for which judgment was rendered below, as compensation for the land taken and for damages to the land not taken, is less than the amounts testified to by twelve out of sixteen witnesses testifying for the appellees.

It is true, that there is some conflict of testimony, and there is diversity of opinion among the witnesses as to the value of the property sought to be taken, and as to the extent of the damages done to the property not taken; but the jury made a personal inspection of the premises, and, as their finding is not palpably against the weight of the evidence, the verdict cannot be disturbed upon the ground that the damages are excessive. (*Rock Island and Peoria Railway Co.* v. *Leisy Brewing Co.* 174 Ill. 547, and cases there referred to).

Before the petition for condemnation was filed, the appellees had made a plat of the land in question into lots and blocks for residence purposes. A copy of this plat was introduced in evidence upon the hearing of the cause; and appellant complains of its admission as error. It was not pretended that the land had been platted and improved by the grading of streets and sidewalks, etc. On the contrary, it was a fact known to the jury from their personal inspection that the plat represented only a contemplated improvement to which, as it was thought, the land was adapted. Undoubtedly, if the object had been to enhance the damages by showing that the erection of residences thereon would be a profitable investment, the testimony would have been clearly inadmissible. But the plat was merely offered as an illustration of one of the uses to which the property was adapted, and by way of showing the capabilities of the property. The evidence in regard to the plat was expressly limited to this object by the statements embodied in the questions of counsel for the appellees, and by an instruction upon the subject given by the court to the jury. In this instruction the jury were not only told, that the plat had been offered and admitted in evidence merely as an illustration of the uses to which the property was adapted, and to show the capabilities of the property, but also that it was not admitted for the purpose of proving that the land in question was platted as indicated on the plat, or

of enhancing the damages to the owner by showing that such platting would be a profitable investment. Inasmuch as the plat was restricted to the purposes thus indicated, its introduction was not error under the decisions of this court. (*Chicago and Evanston Railroad Co.* v. *Blake,* 116 Ill. 163; *Calumet River Railway Co.* v. *Moore,* 124 id. 329).

Appellant also claims, that testimony was admitted to the effect, that certain physical injuries and inconveniences, which would result to the property from the construction of the road, were proper to be considered as elements of damage in the depreciation of the land and improvements for residence purposes. It was not error to admit this testimony. (*Jones* v. *Chicago and Iowa Railroad Co.* 68 Ill. 380; *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 id. 152). As there were some eleven houses upon the land, it was proper for the jury to consider these injuries and inconveniences, such as danger of fire from engines, etc., in determining the extent of depreciation in the value of the property.

Appellant also complains that testimony was admitted, showing that the five acres north of the proposed right of way would be cut off from the remaining portion of the premises, and be rendered, to a large extent, inaccessible by reason of the construction and operation of appellant's railroad. Some of this testimony tended to show that there would not be any means of ingress and egress to and from the tract north of the right of way, or that such ingress and egress, if possible, would be very difficult. There was no error in admitting this testimony. In estimating the owner's compensation for land taken by a railroad, the difficulty of access to the different parts and the inconveniences of communication between them, caused by the construction of the road, are proper elements of damage. (10 Am. & Eng. Ency. of Law,—2d ed. —p. 1169, and cases in the notes).

The five acres, lying north of the proposed right of way, are bounded on the north and west by the Missis-

sippi river, and on the south by the proposed right of way, and on the east by private property. Counsel for the appellant, however, contend that there had been public travel across this private property northward to the river for twenty years, and that thereby there was a public street or highway passing over the proposed right of way, by means of which access could be gained to the north five acres. An instruction based upon this theory was asked by the appellant, and refused by the court. The instruction, however, was properly refused, because it was not based upon the evidence. Moreover, an instruction, which placed before the jury the question whether the proof established the existence of a public highway or not, presented to their minds a collateral issue, which was calculated to mislead and confuse them. It was a matter of doubt whether a public highway existed over the property, and the fact of its existence or non-existence was the proper subject matter of an independent suit, and could not be finally determined in a condemnation proceeding where the only issues are: what is the value of the land taken, and what is the amount of damage to the land not taken? The appellant was not injured by the refusal of such an instruction, because it suggested the idea, that, if appellees should have any access to the north five acres of their land after the railroad had begun to be operated across the tract, it could only gain such means of access thereto by commencing a litigation to establish the existence, by user or dedication, of a public highway. There was no evidence that the strip, claimed to be a highway, had ever been platted as a public road or street. To constitute a way by user, it is necessary that the use must be adverse to the owner under a claim of right, and not a mere license. (*Dexter* v. *Tree*, 117 Ill. 532). The instruction in question was wanting in this requisite element.

Appellant complains that the court modified the third instruction asked by it, and gave it as modified. The in-

struction was given substantially as asked. It told the jury that they must exclude from consideration all imaginary and speculative damages. But counsel had so constructed the instruction, as to include, among such imaginary and speculative damages, the possible reduction, which might take place in the amount of rent then realized from the buildings upon the premises, when the railroad of appellant should be in operation. If the rental value of the houses upon the property was depreciated by the construction of the railroad, such depreciation was a proper element of damage to be considered by the jury, and was not necessarily damage of an imaginary and speculative kind. The modification made by the court was merely in striking out the enumeration of such depreciation in the rental value, as being included in the elements of imaginary and speculative damages. Such modification could have done the appellant no injury.

Appellant complains that the court modified the fourth instruction asked by it, and gave it as so modified. This instruction told the jury, that they must determine the question of value according to their own judgment of what seemed to be just and proper from all the evidence before them, including their own view of the premises, and "your own general knowledge of matters and affairs." The modification consisted in striking out the words, "and your own general knowledge of matters and affairs." The case of *McReynolds* v. *Burlington and Ohio River Railway Co.* 106 Ill. 152, is quoted as authority for the position that the modification so made was erroneous. In the *McReynolds case* it was said *in arguendo:* "the opinions of witnesses are to be weighed by the jury, and judged of in view of all the testimony in the case, and the jury's own general knowledge of affairs;" and this is there stated to be upon the ground, that such opinions are not to be passively received and blindly followed by the jury. It is to be noted, however, that the instruction, which the court modified, told the jury that the opinions of wit-

nesses were not to be passively received and blindly followed. The jury were thereby properly cautioned in accordance with the ruling in the *McReynolds case;* and appellant could not possibly have been injured by the modification made by the court. The words erased were merely surplusage, because they simply told the jury what was said to them in substance in other portions of the instruction modified, namely, that they should use their common sense in determining the weight to be given to the mere opinions of witnesses, and that their determination of values was to be based upon the testimony, and upon their own view of the premises.

We discover no material error in the record. Accordingly the judgment of the county court is affirmed.

*Judgment affirmed.*

CARTWRIGHT, C. J., and BOGGS, J., dissenting:

The insistence of the land owner damages should be awarded in his favor to compensate for the injury to the five acres not taken rested solely upon the issue of fact raised and tendered by such land owner that there was no means of access across the proposed right of way to the said five acres. If that issue was "collateral" the evidence offered by the land owners tending to support it should have been rejected and that element of damage eliminated. Injury to means of ingress to and egress from land not taken constitutes an element of damage, and evidence *pro* and *con* as to the fact is not, in our opinion, addressed to a collateral issue. A public traveled way leads from the street across the right of way to the five acres and across that tract to the river. In our view it was competent for the appellant company to prove, if it could, this traveled way was a public highway by action of the proper highway authorities or by prescription.