THE CITY OF DECATUR, Appellee, vs. WILLIAM F. VAUGHAN et al. Appellants.

*Opinion filed February 20, 1908.*

1. EMINENT DOMAIN—*report of commissioners on compensation for land taken to open street is not conclusive on city.* The report of the commissioners appointed under the Local Improvement act to estimate the compensation to be made for property taken or damaged by the opening of a street is *prima facie* evidence of the amount of compensation and benefits, but if the property owners object to the report it is not binding upon the city, and the latter may introduce evidence to show that the estimate was too high.

2. SAME—*order in which evidence shall be introduced is largely discretionary with trial court.* The action of the court, at the hearing of objections to the report of commissioners appointed to estimate compensation and damages to property from the opening of a street, in permitting the city to introduce evidence, in the first instance, to show that the estimate was too high instead of introducing it as in rebuttal of the objectors' evidence is not ground for reversal, where no injury to objectors appears to have resulted.

3. SAME—*special value of land to owners cannot be considered.* In determining the compensation to be paid for land taken for the opening of a street, a special value of the land to its owners, based upon their relationship and the location of the lots as being a sort of family settlement, cannot be proved or considered as an element enhancing the market value of the land.

APPEAL from the County Court of Macon county; the Hon. O. W. SMITH, Judge, presiding.

LEFORGEE & VAIL, for appellants.

W. NAY BOGGESS, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a joint appeal by appellants from a judgment of the county court of Macon county in a condemnation proceeding. In January, 1907, the city of Decatur adopted an ordinance for the opening of a street fifty feet wide, running north and south through a block between Wood and Main streets. Said Wood and Main streets run east and west and there is no street between them. Main street is

the next street north from Wood street. McClelland avenue runs north and south but extends no farther north than Wood street. It was proposed by the ordinance to open this street north from Wood to Main street. To do this would take an entire lot belonging to W. F. Vaughan which fronted Wood street and extended north half way through the block, also an entire lot belonging to E. Head which fronted Main street and extended south half way through the block to the north line of W. F. Vaughan's lot. These lots were just fifty feet wide, which was the width of the proposed street. Next east of the lot of W. F. Vaughan proposed to be taken he owned another lot upon which his residence was located, and next east of the lot of Head proposed to be taken Hugh A. Vaughan owned a lot upon which his residence was located. The west line of these lots of W. F. and Hugh A. Vaughan was the east line of the street proposed to be opened. A barn that appears to have been owned jointly by Head and Hugh A. Vaughan occupied a part of the south end of their lots, the line between the lot passing through the middle of the barn. There was no other building on Head's lot and no building on the lot of W. F. Vaughan proposed to be taken. Commissioners were appointed, in pursuance of the provisions of the Local Improvement act, to "investigate and report to the court the just compensation to be made to the respective owners of private property which will be taken or damaged for the said improvement, and also what real estate will be benefited by such improvement, and the amount of such benefits to each parcel." (Local Improvement act, sec. 14.) The commissioners reported that the just compensation for taking the appellant Head's lot was $2070 and the just compensation for taking appellant W. F. Vaughan's lot was $1700. As to the lots of W. F. and H. A. Vaughan not taken, they reported each of said lots would be damaged $150 and each would be benefited $150 by the proposed improvement. Said report was filed May 6,

1907, and in July following a summons was issued against the owners of said lots, returnable August 19, in pursuance of the provisions of the Local Improvement act. On the 19th of August Head and W. F. Vaughan filed objections to the report of the commissioners as to the just compensation they were entitled to for property taken, on the ground that the property was worth much more than the amount named in the commissioners' report. W. F. and Hugh A. Vaughan also filed objections to the report of the said commissioners as to the amount of damages and assessments of benefits against their property not taken, on the ground that their lots were damaged much more and benefited much less than the amounts named in the commissioners' report. A jury was summoned and a trial entered upon September 17 and concluded September 18. The jury returned a verdict finding that the amount Head was entitled to as just compensation for property taken was $1600 and the amount W. F. Vaughan was entitled to as compensation for property taken was $1100. The jury also found that H. A. Vaughan's lot not taken was damaged $100 and benefited $100, and that W. F. Vaughan's lot not taken was damaged $52.50 and benefited $72.50. Appellants moved for a new trial, but their motions were overruled and judgments entered upon the verdicts of the jury, from which judgments they have prosecuted this appeal.

Numerous errors are assigned but only three are discussed in the brief and argument of counsel. It is first urged, and the principal part of the brief and argument of appellants is devoted to that proposition, that "it was error to permit the city, in its case in chief, to contradict the report of the commissioners." On the trial the court permitted appellee to call and examine witnesses as to the value of the property sought to be taken and as to damages and benefits to property not taken, before the appellants had introduced any testimony. Section 23 of the Local Improvement act makes the report of the commissioners *prima facie*

evidence of the amount of compensation to be awarded and of the benefits to be assessed, and appellants contend that the city is bound by the report and can offer no evidence in chief contradictory of it. It is argued that as prior to the passage of the present provisions of the Local Improvement act, relating to the appointment of commissioners to ascertain and report the just compensation to be paid for property taken and damaged, no other method was provided whereby a city could condemn property except by filing a petition for that purpose in the first instance, and as the report of the commissioners is *prima facie* evidence of the amount of compensation to be awarded, it is the evident intent and purpose of the act that on the hearing the city should not be permitted to offer testimony contradictory to the report, before its correctness as to the amount of compensation awarded has been attacked by testimony offered by the property owner. It is said as the city is not permitted to purchase the property sought to be condemned by private agreement with the owners, the report of the commissioners is to be taken as an offer by the city to pay the owner of the property the amount of compensation named in the report, and after making the offer it would be inconsistent to allow it to come into court and attempt to prove that it had offered too much. Whether, if the property owner signified his willingness to accept the amount named in the commissioners' report, and in the absence of any objections filed by him to said report, the city would be authorized to introduce proof contradictory to it is not presented by this record. In such a case the introduction of the commissioners' report would make a *prima facie* case of just compensation to be paid, and the jury would be justified, upon that evidence alone, in awarding the amounts therein named. In this case, however, appellants expressed their dissatisfaction with the report of the commissioners and their unwillingness to accept the compensation therein named by filing objections to it and bringing witnesses into

court to prove its incorrectness. The commissioners were not the agents of and acting for the city, but were the agents of the law, acting for neither party but in the discharge of a duty imposed by a general law, and when the property owners challenged the correctness of their report by filing objections to it, in our opinion the question was then open to either party to prove the amount of just compensation that should be awarded, whether more or less than that named in the report. The report would still be *prima facie* evidence but would not be conclusive on either party.

Appellants concede the city would have been entitled to introduce proof in rebuttal contradictory to the report of commissioners. In their reply brief they say: "For the purpose of rebuttal the city is at perfect liberty to introduce any amount of evidence in support of the report, or (appellants concede) perhaps even to contradict it." If that is a correct theory, it would not follow that because the court permitted the city to introduce, in chief, testimony that was properly rebuttal testimony, the judgment must necessarily be reversed. "The regular and logical order of proof was established to prevent delay and unnecessary waste of time, but it is by no means a hard and fast rule. It was established for the convenience of the court, and by the great weight of authority the court may modify it in its discretion." (15 Ency. of Pl. & Pr. 383.) In *Mayer* v. *Brensinger,* 180 Ill. 110, it was said (p. 120): "The order in which evidence should be heard and the right of the plaintiff to proceed in the first instance with proof to anticipate the defense are matters of discretion, resting solely with the judge before whom the trial is had, and are not subject to revision or exception. In *Dimick* v. *Downs,* 82 Ill. 570, we said: 'Although this, strictly, should have been rebutting, yet when its materiality was foreshadowed by the line of the defense, it was within the discretion of the court to admit it in advance of the evidence which it was to rebut.' How far the plaintiff should proceed in his proof in antici-

pation of the defense is regulated by the discretion of the judge, according to the circumstances of the case." Where this discretion is abused and injury to the opposite party results from the admission of evidence out of its logical order it would constitute reversible error. In this case there does not appear to have been any injury to appellants resulting from the order in which the testimony was introduced. After the city had rested its case appellants were permitted to call and examine as many witnesses as they wished, and it is not claimed they would have introduced any more or different testimony if the city had been required to introduce its evidence in rebuttal.

It is next contended the verdict of the jury was contrary to the weight of the evidence. It is sufficient to say upon this proposition that the testimony offered by the city tended to support the finding of the jury, while that offered by appellants tended to show they would be injured, on account of property taken and damaged, to a greater amount than that found by the jury. Eight witnesses testified for the city, and appellants and six other witnesses testified in their behalf. In addition to hearing this testimony the jury viewed the premises, and we would not be justified in disturbing their finding on the ground that it was contrary to the weight of the evidence.

The third and last proposition urged for a reversal of this judgment is the refusal of the court to permit appellants to prove that the lots had a special value to them over and above the market value of the land. Hugh A. Vaughan was a son of W. F. Vaughan and a brother-in-law of Head, and by reason of this relationship of the parties and the lots being in a residence section of the city it was claimed the location was a sort of family settlement and the lots had a special value on that account above their market value. The court was clearly right in refusing to consider this as an element enhancing the value of the property.

The judgment of the county court is affirmed.

*Judgment affirmed.*