Orville L. Hamer et ux., appellants, v. Iowa State Highway Commission and State of Iowa, appellees.

No. 49775.

(Reported in 98 N.W.2d 746)

OCTOBER 20, 1959.

Zimmerman & Zimmerman, of Waterloo, D. C. Nolan, of Iowa City, and Zastrow, Noah & Smith, of Charles City, for appellants.

Daniel T. Flores, of Ames, and Robert Buckmaster, of Waterloo, for appellees.

GARRETT, J.—This is a condemnation action wherein the State Highway Commission condemned 9.12 acres of land in a strip one hundred fifty feet wide and one hundred sixty rods long, along the extreme easterly portion of appellants' 280-acre dairy farm. Trial in the district court resulted in a verdict for plaintiffs, Orville L. Hamer and Hazel L. Hamer, for $6350. From judgment thereon plaintiffs have appealed.

Two errors relating to instructions to the jury are assigned as follows: "The Court erred in instructing the jury in Instruction No. 7 as follows: 'The test is not what the land is worth to plaintiffs, but what it is fairly worth on the market, as in these instructions defined.' * * * and not giving the following instruction requested by the appellants: 'You have been instructed that the method of arriving at the amount of damages to be awarded to the plaintiffs in this case is the difference between the fair market value of plaintiffs' property, as a whole, immediately before the taking of any portion thereof by the State of Iowa for highway purposes, and the fair market value thereof immediately after such taking, yet the purpose of your verdict will be to award to the plaintiffs such sum of money, as you find under the evidence and these instructions, as will equal the true cash equivalent of the value of plaintiffs' property so taken for the highest and most valuable use to which such property could be reasonably used as shown by the evidence in this case.' "

Appellants cite the Fifth Amendment to the Constitution of the United States and Article I, section 18 of the Iowa Constitution, which provide that private property shall not be taken

1230

for public use without just compensation. It would clearly be our duty to intervene if we were convinced either Constitution were being violated. It is our opinion there is no such violation in this case.

■ Appellants object to that part of Instruction No. 7 which says: "The test is not what the land is worth to plaintiffs, but what it is fairly worth on the market," and say the real measure of damages is or should be a sum of money which equals the true cash equivalent of the value of plaintiffs' property so taken for "the highest and most valuable use to which such property could be reasonably used." In this connection it might be said that speculation and conjecture would be involved to a great extent if the jury were to try to determine "the most valuable use to which such property could be reasonably" put. In most instances it is doubtful if the condemnee would contemplate changing from his present use of the premises to the most valuable use which could reasonably be found.

■ If the owner of farm land contemplated converting it into city lots and it was suitable for that purpose a jury would, no doubt, and should take that fact into consideration in determining the fair market value, but a jury should not be required to explore all of the possibilities to determine the highest and most valuable use to which the property might be put.

■ Appellants say the real measure of the damages to which they are entitled is what the land taken is worth to them and that it was error for the court to instruct that "The test is not what the land is worth to plaintiffs, but what it is fairly worth on the market, as in these instructions defined." The Iowa rule of long standing is that the measure of damages in condemnation cases is the difference between the fair and reasonable market value of the land as a whole immediately before the taking and immediately after the taking, without considering the benefits, if any. Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 96 N.W.2d 468; Hall v. City of West Des Moines, 245 Iowa 458, 62 N.W.2d 734; Nedrow v. Michigan-Wisconsin Pipe Line Co., 245 Iowa 763, 61 N.W.2d 687; Maxwell v. Iowa State Highway Comm., 223 Iowa 159, 271 N.W. 883; Hubbell v. City of Des Moines, 166 Iowa 581, 147 N.W. 908, Ann. Cas. 1916E 592; Watkins v. Wabash Railroad Co., 137 Iowa 441, 113 N.W. 924;

Lough and Mitchell v. The Minneapolis & St. L. Railroad Co., 116 Iowa 31, 89 N.W. 77.

In Stortenbecker v. Iowa Power and Light Co., supra, we approved an instruction substantially the same as Instruction No. 7 objected to by appellants. With reference to what constitutes fair and reasonable market value, that instruction said in part, " 'It does not mean what the property is worth to the plaintiff nor what the defendant can afford to pay, but what it is fairly worth on the market, as above defined.' " In the same case we said, "Regardless of how it is considered in other jurisdictions, we have approved generally the term 'fair and reasonable market value' as the value to be considered by the jury immediately before and immediately after condemnation by eminent domain. We are not persuaded to change now." (Page 1081 of 250 Iowa)

Appellants cite the following cases, stating in their brief, "It has been difficult to find a case in point." In re Rugheimer, 36 F. 376; City of Decatur v. Vaughan, 233 Ill. 50, 84 N.E. 50; Robb v. Maysville and Mt. Sterling Turnpike Road Co., 3 Met. (Ky.) 117; Henderson & Nashville R. Co. v. Dickerson, 17 B. Mon. 173, 66 Am. Dec. 148; West Chicago Park Commissioners v. Boal, 232 Ill. 248, 83 N.E. 824. In In re Rugheimer, supra, a South Carolina case in the Federal Court, the following appears in an instruction at page 377 of 36 F.:

"His property may have a special value to him which it could not have to anyone else, * * * he is entitled to have this special value estimated, if it exists, and can be measured by money. So, while the market value of this property necessarily must enter as an essential and important element of compensation, and in many, perhaps most, instances is the sole element, it may or may not be the sole measure of compensation."     .

In Henderson & Nashville R. Co. v. Dickerson, supra, the court said at page 178 of 17 B. Mon., page 151 of 66 Am. Dec.:

"The real value of the land to the owner, as it is actually situated, and not merely its value regarding it as a separate and independent piece of land, he has a right to demand, and nothing less can secure him a just compensation for his property."

We need not quote further from the cited cases. We do not wish to depart from the Iowa rule as to measure of damages.

The instruction complained of followed strictly the theory upon which the case was tried and the instruction requested departed from that theory.

The petition alleged the fair and reasonable market value of the farm as a whole immediately before the condemnation was $280,000 and its reasonable value as a whole immediately after as $255,000.

Orville L. Hamer testified: "The value of my farm immediately before the condemnation was in the sum of $280,000 and the fair and reasonable market value immediately after the condemnation was in the sum of $255,000."

In their brief appellants say: "All of the appellant's testimony was substantially the same *and all based upon the market value of the farm before and after the condemnation without any reference to any special damages and none were claimed.*" (Emphasis supplied.)

Furthermore we note that all of appellant's testimony was "based upon the market value of the farm before and after the condemnation without any reference to special damages", no special damages were claimed, and no evidence was offered to support appellants' theory on this appeal. We find no basis for holding the trial court was in error in giving the instruction complained of and in refusing the instruction requested by appellants.—Affirmed.

All JUSTICES concur except THORNTON, J., who takes no part.