JOHNSON COUNTY BROADCASTING CORPORATION, appellee, v. IOWA STATE HIGHWAY COMMISSION and STATE OF IOWA, appellants.

No. 51456.

(Reported in 130 N.W.2d 707)

OCTOBER 20, 1964.

Evan Hultman, Attorney General, C. J. Lyman, Special Assistant Attorney General, of Ames, and William L. Meardon, of Iowa City, for appellants.

Swisher & Swisher, Marion Neeley and Messer & Cahill, all of Iowa City, for appellee.

MOORE, J.—With our permission, defendants appeal from the trial court's rulings on plaintiff's application to determine law points during its appeal from a condemnation award.

At the time of condemnation plaintiff's radio station operation consisted of a transmittal area just outside the north city limits of Iowa City which was connected by a coaxial cable with its studio and business office in downtown Iowa City, a distance of several miles.

Defendants condemned 8.45 acres of the transmittal area but there was no other taking of plaintiff's property. The existing two towers and radial wires were left intact. The condemnation did not impair plaintiff's operation of its existing 1000-watt radio station.

Plaintiff's petition alleges it had procured an engineering survey to ascertain necessary changes to convert to a 5000-watt operation and had been negotiating with the Federal Communications Commission to increase its wattage and hours of operation.

The survey indicated a 5000-watt operation would necessitate three towers, 300 feet of radial wires extending therefrom and

that the 25-acre tract would be large enough to absorb the change. Plaintiff alleged the 16½-acre tract remaining after condemnation was too small for its planned 5000-watt operation and it was thereby precluded from continuing its efforts to enlarge its operation.

The trial court on plaintiff's application to adjudicate law points (R. C. P. 105) ruled plaintiff could introduce evidence of (1) its future plans as bearing on the use and adaptability of the condemned property, (2) the before and after value of the entire radio station property and (3) the gross income of the 1000-watt operation and the projected gross income of a 5000-watt operation. Defendants assert the trial court erred in each of these rulings.

I. Defendants concede plaintiff may show the value of the transmittal area for any use to which it may reasonably be adapted. This now well established rule was first discussed in detail in Ranck v. City of Cedar Rapids, 134 Iowa 563, 111 N.W. 1027, which holds evidence of the value of the improvements on a lot, its value with and without the improvements, the type of business being carried on by condemnee, and that the lot was well adapted and valuable for such business was admissible to show the capabilities of the property. At pages 565, 566, 134 Iowa, page 1028, 111 N.W., it is said:

"In this estimation the owner is entitled to have the jury informed of all the capabilities of the property, as to the business or use, if any, to which it has been devoted, and of any and every use to which it may reasonably be adapted or applied. And this rule includes the adaptation and value of the property for any legitimate purpose or business, even though it has never been so used, and the owner has no present intention to devote it to such use."

This quote is followed by a long list of citations and examples of evidence held to be admissible under the rule.

Some of our later decisions of like effect are Hamer v. Iowa State Highway Comm., 250 Iowa 1228, 1230, 98 N.W.2d 746, 748; Iowa Development Co. v. Iowa State Highway Comm., 252 Iowa 978, 988, 989, 108 N.W.2d 487, 493; Mohr v. Iowa State Highway Comm., 255 Iowa 711, 124 N.W.2d 141, 147.

Defendants argue this rule does not permit evidence of plaintiff's plans or subjective intent to use the property for a particular purpose in the future. Our holding in Mohr v. Iowa State Highway Comm., supra, is to the contrary.

In that case we hold evidence of condemnee's plans to grade the west part of his property, build a filling station, a garage and use it as a used carlot admissible for the purpose of showing its capabilities.

At page 721, 255 Iowa, page 147, 124 N.W.2d, we say:

"Although there is authority to the contrary, we have held, in line with a good many outside decisions, that evidence of a plan for the proposed improvement of the affected property is admissible for the purpose of showing its capabilities. Iowa Development Co. v. Iowa State Highway Comm., supra, 252 Iowa 978, 988, 108 N.W.2d 487, 493; Chicago and Evanston R. Co. v. Blake, 116 Ill. 163, 4 N.E. 488, 491; Rock Island and Eastern I. Ry. Co. v. Gordon, 184 Ill. 456, 56 N.E. 810, 811, 812; Union Terminal R. Co. v. Peet Bros. Mfg. Co., 58 Kan. 197, 199, 200, 48 P. 860; Chicago, Kansas & Nebraska Ry. Co. v. Davidson, 49 Kan. 589, 31 P. 131, and citations; Cincinnati and Springfield Ry. Co. v. Longworth, 30 Ohio St. 108. See, however, Sexton v. Union Stock Yards & Transit Co., 200 Ill. 244, 65 N.E. 638, 639, 640."

We agree with the trial court's ruling and adjudication on the first proposition.

■ II. We do not agree with the trial court's ruling plaintiff could introduce evidence of the before and after value of all its property devoted to the operation of its radio station.

Plaintiff does not allege any change resulted in the operation of its 1000-watt radio station. Plaintiff makes no claim its downtown leasehold interest was disturbed in anyway. Its use remained unchanged after condemnation.

We have frequently considered the question whether damages for a taking by condemnation should be assessed to all farmland in the vicinity owned by the condemnee or to the various tracts or parcels separately. If there is evidence from which the jury could reasonably find the entire acreage, though not contiguous, was used as one farm, so that the loss and incon-

venience would affect its entire use and operation, then the question becomes one of fact. Ham v. The Wisconsin, Iowa & Nebraska Ry. Co., 61 Iowa 716, 17 N.W. 157; Paulson v. State Highway Comm., 210 Iowa 651, 231 N.W. 296; Hoeft v. State, 221 Iowa 694, 266 N.W. 571, 104 A. L. R. 1008; Stortenbecker v. Iowa Power and Light Co., 250 Iowa 1073, 96 N.W.2d 468.

In Cutler v. State, 224 Iowa 686, 278 N.W. 327, there was involved a 240-acre farm from which the condemned land was taken and an adjoining 80-acre tract owned in part by the owner of the 240 acres. The trial court instructed the 80-acre tract was not a part of the farm to which damages could be attributed, but the jury might take into consideration the advantage of using the two farms as one in fixing the value of the 240-acre tract before and after condemnation. We held the giving of this instruction not prejudicial. There was no showing of loss or inconvenience in the use of the 80-acre tract.

We need not, nor do we, decide whether the general rule applicable to farm parcels applies to plaintiff's use of its 25-acre tract and downtown leasehold interest. We are convinced in the absence of any claim of loss or inconvenience to the entire operation the before and after value of the leasehold should not be considered.

In Fleming v. The Chicago, D. & M. R. Co., 34 Iowa 353, there was a condemnation of certain lots owned and used by plaintiff in conjunction with mill property, but which were separated therefrom by streets and alleys. This court held the measure of damage should be based on the before and after value of the lots taken and the jury should not be permitted to consider all the property as an entirety in respect to the business for which the property was used.

Crist v. Iowa State Highway Comm., 255 Iowa 615, 123 N.W.2d 424, involves the valuation of separate parcels. We believe it is decisive of the problem now being considered. Defendant condemned lot S owned jointly by Owen and Ruth Crist. Immediately to the west of S, but separated from it by an alley shown to be closed or impassable, were lots P and B owned by Owen Crist individually and condemned by defendant in separate proceedings. Lot P was described as "two doors"

south of B. There was a building on B and all three lots were used by Owen Crist in conducting a business known as Owen Crist Auto Body Service. He used all three lots in conjunction with his business, rebuilding wrecks on lot B and using P and S for storage. We upheld the introduction of evidence of the use of S in conjunction with B and P as evidence of the value of S.

At pages 619, 621, 255 Iowa, pages 426, 427, 428, 123 N.W.2d, we say:

"No damages to tracts B and P, or either of them, were considered or allowed. All that was done was to permit the use of S in connection with B and P to be shown, as affecting the reasonable market value of S. The jury was told that no damages to B and P should be allowed. * * * the value of condemned property is fixed as it existed at the time of the taking. Kaperonis v. Iowa State Highway Comm., 251 Iowa 1166, 1171, 104 N.W.2d 458, 461; Ranck v. City of Cedar Rapids, supra, loc. cit. 134 Iowa 565, 111 N.W. 1028. We must evaluate the property taken, with its potentialities and its highest and best reasonable uses, as it was immediately before the taking. We think the trial court properly ruled on the point in question."

Our ruling is strongly supported by City of Oakland v. Pacific Coast Lumber & Mill Co., 171 Cal. 392, 153 P. 705.

III. We have consistently held remote, contingent and speculative matters are not to be considered as evidence of value of condemned property. Randell v. Iowa State Highway Comm., 214 Iowa 1, 241 N.W. 685; Trachta v. Iowa State Highway Comm., 249 Iowa 374, 86 N.W.2d 849. And have repeatedly said profit of a business is too uncertain, and depends on too many contingencies to safely be accepted as any evidence of the usable value of property upon which the business is carried on. Wilson v. Iowa State Highway Comm., 249 Iowa 994, 1006, 90 N.W.2d 161, 169; Comstock v. Iowa State Highway Comm., 254 Iowa 1301, 1309, 121 N.W.2d 205, 210. See also Nichols on Eminent Domain, Third Ed., section 19.3, Volume V; 18 Am. Jur., Eminent Domain, section 345; 29 C. J. S., Eminent Domain, section 154.

In Lewis on Eminent Domain, Third Ed., section 727, page 1273, the author states:

"Nor can the profits of a business be shown for the purpose of proving the value of the property. The profits of a business do not tend to prove the value of the property upon which it is conducted. The profits of a business depend upon its extent and character and the manner in which it is conducted. One man will get rich while another will become bankrupt in conducting the same business upon the same property. It, is proper, however, to show how the taking will interfere with the use of the property, either for the purpose to which it is actually devoted or for any purpose to which it is adapted."

In Wilson v. Iowa State Highway Comm., supra, we hold evidence of monthly net income derived from a filling station and gross income of a cafe being operated on part of the property condemned should have been rejected by the trial court.

We hold evidence of gross income from plaintiff's radio station on the basis of its 1000-watt operation is not admissible. Whether plaintiff would have been able to obtain a permit to enlarge its operation to a 5000-watt station was speculative and uncertain. Evidence of gross income of such prospective operation is likewise inadmissible under our established rules.

Costs of this appeal are ordered taxed equally against the parties.—Affirmed in part; reversed in part.

All Justices concur except Hays, J., not sitting.