## Baker *v.* Detrich et al., Appellants.

*Lateral railroads — Proceedings to construct — Abandonment— Right to abandon—Approval of court—Equitable and just terms— Decree of court—Insufficiency—Act of May 5, 1832, P. L. 501—Act of April 6, 1869, P. L. 17.*

Under the provisions of the Act of May 5, 1832, where proceedings to construct a lateral railroad had been commenced, the petitioners could abandon the same after the report of viewers was filed or after the verdict of a jury, by paying the legal costs to be taxed, and filing a declaration of their intention to abandon.

The Act of April 6, 1869, P. L. 17, amending the earlier act, permitted the petitioners to abandon, upon the payment of the costs and the filing of the declaration of intent in the court having jurisdiction, which court might set aside and terminate all previous proceedings "upon terms equitable and just to all parties in interest."

.Where, by reason of the institution of a proceeding to construct a lateral railroad, the defendant was put to expenses amounting to over $1,000, which was averred in the answer to the petition to abandon, the replication that such expenses were for counsel fees and experts, is no reason why they should be wholly borne by the defendant. An order of the court which approves such petition,

but which does not give the reasons for relieving the petitioners of such costs, does not terminate the proceeding, "upon terms equitable and just to all the parties in interest," and will be reversed.

Argued October 25, 1921. Appeal, No. 163, Oct. T., 1921, by defendants, from judgment of C. P. Franklin Co., Feb. T., 1918, No. 58, permitting abandonment of proceedings to construct a lateral railway in the case of John E. Baker v. William H. Detrich, Bertha Detrich, Floss Detrich, George M. Detrich, Clara Detrich, Pearl Detrich, appellants. Before Orlady, P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Reversed.

Petition to abandon the further prosecution of the construction of a lateral railroad. Before Gillan, P. J.

The facts are stated in the opinion of the Superior Court.

The defendants upon a rule to show cause why the abandonment should not be permitted filed an answer setting forth that they had expended necessarily in fees for counsel, expert witnesses, surveys, etc., the sum of $1,004.39 and asking that the plaintiff be directed to pay the same. The plaintiff replied and after argument the court permitted the abandonment of the proceedings, and refused to order the payment by the plaintiff of the expenses above named. Defendants appealed.

*O. C. Bowers,* and with him *Charles Walter* and *William S. Hoerner,* for appellants.

*John W. Hoke,* and with him *Walter K. Sharpe,* for appellee.

Opinion by Head, J., April 17, 1922:

The plaintiff, appellee, instituted proceedings in the court below for the purpose of securing the right to construct a lateral railroad across the lands of the defend-

ants. The extent of the tract owned by them, the general quality of the tract as a whole, the manner in which it was cut by a creek into two portions, and the physical characteristics of each of the pieces, are fully detailed in the opinion of Mr. Justice STEWART, when the case reached the Supreme Court, upon a review of the action of the trial judge in refusing to admit certain evidence offered by the defendants, not now necessary for us to consider: Baker v. Detrich et al., 268 Pa. 77. Suffice it here to say that, upon the petition of the plaintiff, viewers were appointed, who filed a report, affirming the necessity of the lateral railroad for private purposes and awarding a small amount of damages. From this report the landowners took an appeal to the court of common pleas. An issue was framed and the case was tried before a court and jury resulting in a verdict for the landowners in a sum of five times the amount awarded by the viewers. In the course of that trial the owners made an offer to prove certain facts, tending to establish a special value in about fourteen acres cut off by the stream from the main body because of deposits of valuable limestone in that portion of the property. The offer was rejected. We quote from the opinion of Mr. Justice STEWART in the case cited: "The whole purpose of the offer, as we read it, was to show that this tract of fourteen acres was of but little, if any, value for agricultural purposes, yet, constituting a part of a cultivated farm, had a value for other purposes that would induce purchasers to purchase, and this is the true test as to the admissibility of evidence: Shenango & Allegheny R. R. Co. v. Braham, 79 Pa. 447." Because of this erroneous ruling of the trial court, the verdict and judgment were set aside and a new venire awarded. Under such circumstances, we cannot discover much force in the assertion of the appellee's counsel in his paper-book that the judgment was reversed merely because of a technical error. When the record came back the plaintiff reached the conclusion he no longer desired to secure the right of way, believing it

would be more advantageous to him to abandon further proceedings, under the conditions that then existed. He, accordingly, filed in the court a written declaration of such intention and paid the costs as taxed down to that time.

It was argued by the defendant owners in the court below and is strongly urged upon us here, that under the state of facts as we have recited them, the right of the petitioner to abandon further proceedings could be lawfully exercised only on compliance with the provisions of the Act of 6th of April, 1869, P. L. 17. The learned counsel for the appellee took the position in the court below and urges the same view in this court, that the right of the petitioner was conferred by the Act of 5th May, 1832, P. L. 502, and that he was in no sense obliged to be governed by the Act of 1869. A consideration of these two statutes is, therefore, necessary to determine the question at issue. The earlier act granted the right to a private citizen or citizens to construct a lateral railroad over the lands of another without the consent of the owner. After providing for the appointment of viewers, the first section of the statute declares, inter alia, "And the report of the said viewers and appraisers shall be filed of record in said court, and if not appealed from, be liable to be confirmed or rejected by the said court, as to right and justice shall appertain; and if either of the parties shall be dissatisfied with said report, he or they may appeal therefrom to the said court of common pleas within twenty days after such report has been filed in the prothonotary's office," etc. Although the learned court below stresses, to some extent, the fact that the report of viewers was never confirmed by the court, we are unable to see how that fact becomes of any importance. The appeal was properly taken. As already indicated, the case was tried before a jury resulting in a verdict and judgment in favor of the landowners. This judgment was reversed for the reasons stated. Section 2 of the statute we are considering provides: "And it

shall be at the option of the petitioner......either after the report filed, or after the verdict of the jury, after paying the legal costs to be taxed as aforesaid, to abandon the further prosecution of the said railroad, and as evidence thereof, shall file his or their declaration of that intent in writing, in the said court, which shall terminate all further proceedings on the said petition." Now, it will be observed, that the privilege given to the petitioner, is "to abandon the further prosecution of the said railroad." It surely does not require the aid, either of a lexicographer or a judicial construction, to ascertain the meaning of this language; and it becomes incontrovertible when read with the further declaration, in the same sentence of the statute, that the mere filing in court of the written declaration of the petitioner shall in and of itself without any action by the court "terminate all further proceedings on the said petition." There does not seem to be much escape from the conclusion that as long as the law remained as it was declared to be in the Act of 1832, a petitioner for a lateral railroad was given an unusual privilege. He could set in motion the machinery of the law; he could pursue the right conferred upon him until he would be able to fairly ascertain whether or not he could secure a right of way by an expenditure of money which he did not deem excessive; and he could "either after the report filed or after the verdict of the jury" abandon the entire matter merely by paying the legally taxable costs, defined in the first part of section 2 of the statute.

In 1869 the legislature enacted what is called "A further supplement" to the Act of 1832. It contains but a single section and deals exclusively with the right of the petitioner to abandon, which we have just been considering. "It shall be at the option of the petitioners......for any lateral railroad, located, or to be located, under the act to which this is a supplement, upon payment of all costs, at any time before ground shall be broken, and within two years from the confirma-

tion of the right of way, to abandon the right of construction; and, as evidence thereof, shall file their declaration of that intent in writing, in the court having jurisdiction, which court may set aside and terminate all previous proceedings, upon terms equitable and just to all parties in interest." In so far as this supplementary act modifies or changes the procedure provided by the Act of 1832, it must be considered as taking the place of the earlier statute to that extent. What is the right conferred on the petitioner for the railroad by the terms of this statute? It is "to abandon the right of construction." As the right to construct a lateral railroad was the sole purpose of the proceeding, under either statute, it seems clear to us that this language refers to exactly the same thing as did the Act of 1832 in using the slightly differing expression, to wit: "to abandon the further prosecution of the said railroad." Can it be successfully urged that the words "the further prosecution of the said railroad" meant anything else or other than the right to construct the railroad? We think not. But the exercise of the right by the petitioner, under the earlier statute, was absolute and unconditional, save only that he pay the legally taxed costs. He needed no aid from the court and the statute contemplated no order by the court to make the exercise of his right effective. The entire question was for the petitioner himself to decide. When we come to consider the Act of 1869 we find a marked legislative departure from the earlier act in this respect. The petitioner must still file a declaration of his intent in writing in the court having jurisdiction, but mark, "which court may set aside and terminate all previous proceedings upon terms equitable and just to all parties in interest." The petitioner may, therefore, no longer abandon his proceedings of his own volition purely. He must now secure the assent of the court and that act of the court must be predicated "upon terms equitable and just to all parties in interest."

The strength of the argument of the opinion filed by the learned court below goes to establish the proposition that the petitioner was but exercising the privilege conferred upon him by the Act of 1832. Nevertheless, the learned court made the following order: "Therefore, now, this 23d day of November, 1920, it is ordered that all further proceedings with respect to the lateral railroad asked for by John E. Baker, the plaintiff, over the lands of these defendants be terminated and ended. The plaintiff to pay the costs of this proceeding." If the learned judge was right in holding that the Act of 1832 controlled the question before him, he was without authority to make any order in the premises, save only, perhaps, to dismiss the petition of the appellees.

It is true that at the conclusion of the opinion the learned court below, in this brief way, disposes of a consideration of the question as if the Act of 1869, and it alone, applied to the matter then in hand. "We have been familiar with all these proceedings from their inception. We have been called upon to preside and determine every question raised in the proceeding from its inception to the present time. We are of opinion that it would not be equitable and just to require the plaintiff to pay the matters set forth in the defendants' answer." If we were to excise from the opinion all of it that deals with the Act of 1832, leaving only the portion of it just quoted, it could hardly be urged, it disclosed the exercise of a judicial discretion by the learned judge. We agree the Act of 1869 does vest in the court below a wide discretion in dealing with the subject of costs, expenses, and terms, as it generally does in all equitable proceedings; but the discretion must be exercised in a judicial manner, must be supported by facts found or admitted, and by a record which will enable an appellate court to determine whether or not there has been an abuse of discretion.

The matter was heard below on petition, answer and replication. The second paragraph of appellant's an-

swer contained an itemized statement of expenses incurred in defending the proceeding amounting to $1,-004.39, a large part of which had been paid. Petitioner's replication to that averment states "that the defendants suffered no loss or inconvenience by reason of the action of the plaintiff with respect to said lateral railroad except in so far as they may have paid for the services of counsel or expert witnesses." As no reason appears in this record why the loss conceded in the answer to have been sustained by defendants should be borne wholly by them, and as the decision of the Supreme Court in the litigation between these parties determines at least that the appeal was not frivolous but necessary, we cannot agree that the proceedings were terminated "upon terms equitable and just to all parties in interest" as required by the supplementary statute. We of course are not prepared to say, with the record in this condition, what part of the items claimed by appellants should be allowed by the court, and, as the matter must go back for further consideration on the record as it may then be presented, we cannot profitably discuss the matter now.

The order or decree of the court below is reversed and the record remitted with a procedendo; the appellee to pay the costs of this appeal.

PER CURIAM: The above opinion was written by Judge HEAD during his term of office as a member of this court, the case having been duly assigned to him for that purpose. It is now adopted and filed as the opinion of the court.