# Baker *v.* Detrich et al., Appellants.

*Lateral railroads — Proceedings to construct — Abandonment — Right to abandon—Equitable and just terms—Act of May 5, 1832, P. L. 502—Act of April 6, 1869, P. L. 17.*

In a petition to abandon proceedings to construct a lateral railroad the court has power to set aside and terminate all previous proceedings "upon terms equitable and just to all parties in interest."

In such case it is error for the court to refuse to allow the sum of $500 for counsel fees paid by the defendants, which were clearly a part of the necessary expenses incident to the litigation.

Argued October 29, 1924. Appeal, No. 177, Oct. T., 1924, by defendant, from decree of C. P. Franklin Co., Feb. T., 1918, No. 58, in the case of John E. Baker v. William H. Detrich, Bertha Detrich, Floss Detrich, George M. Detrich, Clara Pheil, and Pearl Detrich. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition to abandon proceedings in connection with construction of a lateral railroad. Before GILLAN, P. J.

The facts are stated in the opinion of the Superior Court, and in a former report of the case at 79 Pa. Superior Ct. 17, and 268 Pa. 78.

The court entered the following decree,—"Therefore, now, this 22d day of January, 1924, it is ordered that, on the payment by the plaintiff to the defendants, or their representative, of the sum of four hundred, twenty-eight and 41-100 dollars ($428.41) to

cover the items above enumerated, all further proceedings with reference to the lateral railroad asked for by John E. Baker, the plaintiff, over the lands of the defendants, be terminated and ended. The plaintiff to pay the costs of this proceeding."

Defendants appealed.

*Error assigned* was the decree of the court.

*Charles Walter,* and with him *O. C. Bowers* and *William S. Hoerner,* for appellant.

*Walter K. Sharpe,* and with him *John W. Hoke* and *John McD. Sharpe,* for appellee.

OPINION BY GAWTHROP, J., March 13, 1925:

The plaintiff, appellee, instituted proceedings in the court below to secure the right to construct a lateral railroad across the lands of the defendants. After a jury of view had affirmed the necessity of the railroad and awarded damages to the landowners, they took an appeal to the court of common pleas, in which court a verdict was rendered for them of five times the amount awarded by the viewers. Upon an appeal to the Supreme Court by the defendants (Baker v. Detrich et al., 268 Pa. 78), the judgment was reversed and a new trial was awarded. When the record came back to the court below, the plaintiff filed in that court a declaration of his intention to abandon the right of construction, paid the costs as taxed up to that time, and asked for an order terminating the proceedings. The defendants filed an answer setting forth that they had expended necessarily in fees for counsel, expert witnesses, surveys, etc., the sum of $1,004.39, and asking that the plaintiff be directed to pay the same. The court made an order permitting the termination of the proceedings upon the payment of the costs of the proceedings to terminate, but refused to order the payment by the plaintiff of the above-

mentioned expenses of the defendants.   Upon appeal to this court, we reversed (Baker v. Detrich, 79 Pa. Superior Ct. 17), deciding that under the Act of 5th of May, 1832, P. L. 502, and the Act of 6th of April, 1869, P. L. 17, the petitioner may not abandon his proceedings of his own volition purely, but that he must secure the assent of the court and that act of the court must be predicated "upon terms equitable and just to all parties in interest"; that the Act of 1869 vests in the court of common pleas "a wide discretion in dealing with the subject of costs, expenses, and terms, as it generally does in all equitable proceedings; but the discretion must be exercised in a judicial manner, must be supported by the facts found or admitted, and by a record which will enable an appellate court to determine whether or not there has been an abuse of discretion."   Because no reason appeared in the record why the loss conceded to have been sustained by the defendants should be borne by them, we were of one mind that the proceedings were not terminated on terms just and equitable to all parties in interest, as required by the Act of 1869.   But, as the record was not in a condition which enabled us to decide what items claimed by appellants should be allowed, we reversed and remitted the record with a procedendo.

Now appellants' claim is that the court below abused its discretion in limiting the allowance to them for costs and expenses to $428.41, that being the sum paid for fees and expenses of expert and other witnesses and to a chemist for making an analysis of limestone.   The principal complaint is based upon the refusal to allow anything for counsel fees paid.   Such an item is as clearly a part of the defendants' necessary expenses as are the charges allowed.   We are not impressed by the statement of the learned judge of the court below that if this matter cannot be terminated, except by the plaintiff paying counsel fees, "then we allow owners of land on which another wants to build a lateral railroad to employ and pay as many lawyers as his whim may desire

and pay them whatever fees he may agree upon, and compel his antagonist to repay him." We find nothing in the record to justify this statement. It is admitted by the appellee in his brief and record that the counsel fees charged were just and reasonable. When the defendants filed their answer to the rule to show cause why the proceeding should not be terminated, their claim for counsel fees was $500 to pay for services rendered up to that time, including the argument of defendants' appeal in the Supreme Court. Clearly there can be no allowance for services of counsel rendered after the plaintiff undertook to terminate the proceeding. The allowance should be limited to such a sum as would restore the defendants as far as possible to the position in which they were at the commencement of the proceeding to terminate. They now claim an additional allowance for counsel fees and other expenses amounting to $594.97. After a careful examination of the record, we are constrained to hold that the learned judge of the court below did not properly exercise his discretion when he refused to make any allowance to the defendants for counsel fees, and that an equitable and just determination of the question requires an allowance to the defendants of $500 on that account.

The decree is reversed and it is ordered that on payment by the plaintiff to the defendants, or their representative, of the sum of $928.41, all further proceedings with reference to the lateral railroad asked for by the plaintiff over the lands of the defendants be terminated and ended, the plaintiff to pay the costs of this appeal.